**BOARD OF BARBERS AND BEAUTICIAN EXAMINERS v. MAYO STATE VOCATIONAL SCHOOL et al.**

**BOARD OF BARBERS AND BEAUTICIAN EXAMINERS v. OWENSBORO TECHNICAL HIGH SCHOOL.**

Court of Appeals of Kentucky.

June 19, 1953.

Squire N. Williams, Jr., Asst. Atty. Gen., and Walter C. Herdman, Asst. Atty. Gen., for appellant.

W. Owen Keller, Asst. Atty. Gen., for appellees.

DUNCAN, Justice.

The following general question is presented on these appeals: Are the provisions of KRS 317.200(1), setting forth the requirements for schools of barber and beauty culture, to be considered as establishing maximum as well as minimum courses of instruction?

The schools which appear here as appellees were cited to show cause why the Board should not suspend, revoke, or refuse to issue or renew their beauty school licenses in view of the charges that the provisions of the statute in question were violated. At the hearing before the Board, it was established without contradiction that the schools were operating beauty courses that extended for periods considerably in excess of the six months' limitation set forth in the statute. As a consequence, the Board found each school guilty and revoked its license. Upon appeal to the Franklin Circuit Court, the Board's order of revocation was reversed and judgment was rendered in favor of the schools.

KRS 317.200(1), so far as pertinent to this controversy, provides as follows:

"No school of barbering or beauty culture shall be approved by the board unless it requires as a prerequisite to graduation a course of instructions of not less than one thousand hours, to be completed in six months of not more than ten hours a day."

The crux of the controversy is the six months' limitation. The schools contend that this period is merely directory or is intended as establishing a minimum time of instruction. The Board contends, on the other hand, that the six months' period is mandatory and establishes both a minimum and maximum period of instruction.

There is no well-defined rule by which directory provisions in a statute may, in all circumstances, be distinguished from those which are mandatory. In the determination of this question, as in every other case of statutory construction, the primary object is to ascertain the legislative intent as disclosed by the terms of the statute in relation to the subject matter of the legislation, the spirit or nature of the Act, the evil intended to be remedied, and the general object sought to be accomplished. Sometimes the question of whether a statute is mandatory or directory is regarded as depending more upon the purpose of the statute than upon its language. In construing a statute, courts should adopt a construction which ascribes some reasonable purpose to the Act, and any construction which renders the statute absurd should be avoided.

Applying these general rules of construction to this statute, it is apparent that the Legislature by its enactment sought to regulate the training of barbers and beauticians and to that end provided standards of instruction for persons who were to be licensed to engage in those professions. In this connection, we think it is clear that the Legislature intended to establish minimum rather than maximum periods of training. There is no reason why a barber or beauty operator who had taken a course of eleven months with some twelve hundred hours of instruction should be less qualified than one who had completed the course in six months with one thousand hours of training. Minimum standards of instruction are proper subjects for legislative regulation, but we are not aware that there has ever been any effort to control the maximum training which one may receive in any profession. It would be as reasonable to suggest that no school could offer train-

ing beyond the minimum licensing requirements to doctors or lawyers.

■■■ We think this statute was intended to eliminate inefficiency rather than limit proficiency of barbers and beauticians. We do not suggest that the schools here involved turn out better barbers or beauticians in eleven months than the other schools do in six months. However, we do not think the Legislature intended to destroy the right of individuals about to enter those fields from pursuing a course of study in excess of the minimum standards if they chose to do so. The construction contended for by the Board would accomplish that result by making it impossible for a licensed school to offer a course of study extending beyond the statutory period.

Since the schools have not violated the statute, as we construe it, the lower court properly reversed the order of the Board.

The judgment is affirmed.