KENTUCKY STATE BOARD OF BUSINESS SCHOOLS, Appellant,

v.

ELECTRONIC COMPUTER PROGRAMMING INSTITUTE, INC., Appellee.

Court of Appeals of Kentucky.

Feb. 20, 1970.

As Modified on Denial of Rehearing
May 1, 1970.

C. Dant Kearns, McElwain, Dinning, Clarke & Winstead, Louisville, for appellant.

Robert L. Sloss, S. Roy Woodall, Stewart E. Conner, Wyatt, Grafton & Sloss, Louisville, for appellee.

NEIKIRK, Judge.

This is an appeal by the Kentucky State Board of Business Schools from an order and judgment enjoining it from enforcing certain regulations adopted by it. Appellee, Electronic Computer Programming Institute, Inc., filed in the Franklin Circuit Court a complaint seeking an injunction and a declaration of rights, challenging the Board's regulations known as BS–7, BS–9, and BS–11. The trial court determined that the regulations were in excess of the authority granted the Board by the Legislature under KRS Chapter 331. The regulations in question are as follows:

"BS–7 A business school, whether located in or out of this State, shall not collect or accept from a prospective student solicited in this State an amount in excess of $25.00 on account of tuition, enrollment, registration, books or other school purposes, more than thirty days prior to the day the prospective student is scheduled to enter school as stated in the signed application. Provided, however, this regulation shall not apply to a payment or deposit by the student for services at a dormitory owned or operated by the school."

"BS–9 Any statement in a business school advertisement or catalog regarding its license to do business by this Board shall be limited to a statement that the school is licensed by the Board and may include the term or period of said license. Any statement or reference that the school is 'approved' by this Board or 'accredited' by this Board is expressly prohibited."

"BS–11 (1) No independent business school doing business in the state shall hereafter conduct or offer to conduct a course in IBM data processing or computer programming except on a residence basis and at the place where such courses are regularly given by the school. This regulation is intended to prohibit the offering or giving of either of said courses by correspondence or by a combination of correspondence and instruction received at the school. (2) No agent shall solicit or accept the application of any student in violation of this regulation. (3) A violation of this regulation shall be grounds to suspend or revoke the license of the school or agent, as the case may be, or for the board to refuse renewal of the license."

Appellee does not question the constitutionality of the Act creating the Board. Appellee contends that the regulations adopted are in excess of the authority granted the Board by the Legislature.

We find that the Board had the authority to adopt the regulations and that they are valid, enforceable, and not arbitrary.

KRS 331.040(3) provides in part:

" * * * The board shall have the power to make all rules and regulations, consistent with the provisions of this chapter, as may be necessary to carry out the provisions and purposes of this chapter."

Appellee contends that the Board was not delegated the power to legislate and that the regulations adopted by the Board are legislative in character and, therefore, are void.

The Legislature may and does lawfully delegate discretionary powers to administrative agencies. This is necessary in order that the exertion of legislative power does not become a futility. Butler v. United Cerebral Palsy of Northern Kentucky, Inc., Ky., 352 S.W.2d 203. Of course the delegated authority cannot go beyond what is reasonable in accomplishing the purposes of the Act for the administration of which the agency was given the delegation. The main safeguard against the abuse of delegation of legislative power is found in our courts, and our courts have not hesitated to set aside any rule, regulation, or action of any administrative body where, after judicial review, the administrative action is found to be beyond the scope of the delegated administrative authority.

It is not questioned that the creation of the Board fulfills a public need and shows concern for and is in the public interest.

The rules promulgated by the Board must meet the test of being (a) reasonable, (b) issued pursuant to proper procedure, and (c) within the granted power. If regulations are attacked for failure to meet these tests, the courts can measure the regulations by the tests to qualify the regulations as being valid or invalid.

In the instant case, we are of the opinion that the regulations are within the valid granted power and that they are reasonably addressed to the accomplishment of the purposes of the Act. This was the only issue presented.

The trial court erred in holding that the regulations exceeded the legislative authority granted to the Board. Federal Trade Commission v. Civil Service Training Bureau, Inc., 6 Cir., 79 F.2d 113; Board of Barbers and Beautician Examiners v. Mayo State Vocational School, Ky., 259 S.W.2d 452.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.