**Elsie N. WILSON, Petitioner,**

v.

**Thomas W. HINES, Judge, etc., Respondent.**

Court of Appeals of Kentucky.

March 17, 1972.

Charles E. English, Stephen L. Hixson, Harlin, Parker, Lucas & English, Bowling Green, for petitioner.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for respondent.

VANCE, Commissioner.

This original action seeks to prohibit the respondent from enforcing a judgment entered by him in a divorce action wherein custody of infant children was awarded to the father and seeks to compel the respondent to enter an order directing the return of two of the children to the custody of the mother.

Petitioner alleges that respondent acted outside his jurisdiction in adjudicating the custody of the children and insists that the courts in this state are required to give full faith and credit to an order of the court of another state which awarded custody of the children to the mother during the pendency of the litigation in that state.

Beyond any question the father, mother and children had an established domicile in Kentucky until August 6, 1971. On that date the mother took the children to Arkansas and three days later instituted proceedings there for divorce and custody of the children. On August 7, 1971, the father instituted divorce and custody proceedings in Kentucky. Personal service was obtained on the father in Arkansas and the mother was granted custody of the children during the pendency of litigation in that state.

The father proceeded by warning order and a final judgment which granted to him a divorce and custody of the children has been entered by respondent. Following the entry of the judgment, the father went to Arkansas and returned two of the children to Kentucky.

A direct appeal from the Kentucky judgment is pending. There is no showing of any likelihood that the children will be harmed or abused by the father.

Whether a state loses custodial jurisdiction of children immediately upon their removal to another state by a parent who intends to invoke the jurisdiction of the second state for divorce and custody proceedings is a question which has elicited a great diversity of opinion. This court has original jurisdiction under our constitution to issue writs of prohibition and mandamus but those writs are extraordinary in nature and are discretionary. Discretion in such cases is exercised cautiously.

We do not feel that the lack of jurisdiction of the trial court has been so

clearly established as to warrant injunctive interference with the judgment in this case. The errors complained of may be presented on appeal and we consider the remedy by appeal adequate.

The petition for an order of prohibition and for an order of mandamus is denied.

All concur.