John W. YOUNG, Commissioner of Labor
and Custodian of the Special Fund,
Appellant,

v.

Henry DANIELS et al., Appellees.

Court of Appeals of Kentucky.

March 31, 1972.

Rehearing Denied June 30, 1972.

Gemma M. Harding, Department of Labor, Louisville, for appellant.

Dan Jack Combs, John M. Stephens, Pikeville, for appellees.

REED, Judge.

Henry Daniels filed an application for workmen's compensation benefits; he claimed total disability caused by silicosis. Six written medical reports from different physicians, in all of which a diagnosis of silicosis was recited, were filed with the application. Six days after the application and reports were filed, the Special Fund notified the board and all other parties interested that the claim was contested and resisted. The board set the claim for hearing. The claimant testified at the hearing. No medical evidence, by testimony or deposition, was adduced by either the claimant or the Fund. The board awarded maximum benefits for total disability, and based this decision on its construction of the effect of KRS 342.316(2) (b) and subsection (6) of the same statute. The Fund appeal-

**296**

ed the board's award to the circuit court, where the board's action was upheld. Thereupon the Fund appealed to this court. We reverse.

In this appeal we are confronted with the all-too-recurrent task of construing the legal effect of imprecisely worded amendments to the existing frequently confusing language of the workmen's compensation statute.

The pertinent parts of KRS 342.316, which originated in a 1970 legislative overhaul of the statute concerning occupational diseases, that are relevant to the issue are:

KRS 342.316(2) (b) (1):

"The application . . . shall also include . . . two written medical reports supporting his claim. These medical reports shall be made on the basis of comprehensive clinical examinations and shall contain full and complete statements of the results thereof. . . . However, the failure of an X-ray examination to disclose the presence of an occupational disease shall not affect the legal presumption referred to in subsection (6) of this section.

(2) (b) (2):

"The filing of a properly executed application . . ., accompanied by the two medical reports described in subparagraph 2(b) (1) of this subsection, shall satisfy the requirements of the presumptive clause set out in subsection (6) of this section and the burden of proof shall immediately thereafter shift to the employer and the Special Fund."

.    .    .    .    .    .

(2) (b) (5):

"Within sixty days of the filing of the claim the employer, the Special Fund, and any other interested party shall notify the board and the claimant whether or not the claim will be resisted. If the claim is not resisted, then the board shall within ten days enter an order and award for the claimant. If the claim is resisted, the board shall set a date for a hearing and shall notify all parties thereof. In litigated claims the regular procedures prescribed by the Workmen's Compensation Board shall be followed.

(6):

"In case of disability or death from silicosis, coal workers pneumoconiosis, or any other compensable pneumoconiosis, complicated with tuberculosis of the lungs, pulmonary emphysema or other pulmonary dysfunction and there has been employment exposure to harmful dust or industrial hazards reasonably competent to produce such accompanying disease or dysfunction, there is a rebuttable legal presumption that all resultant disability therefrom is work related and compensable, and compensation shall be payable as for the uncomplicated disease, provided, however, that the disease or dysfunction was an essential factor in causing such disability or death."

KRS 342.320(3):

"The General Assembly declares that by the enactment of Section 3(2) (b) and Section 3(6) hereof, it is the legislative intent to encourage settlement and prompt administrative handling of such claims and thereby reduce expenses to claimants for compensation under the provisions of this Act, and the board shall give due regard to such legislative intent in the handling of uncontested claims and the allowance of attorney's fees therein."

The parties agreed that the issue presented is whether the 1970 modifications to KRS 342.316, which we have quoted, relieve a claimant from the duty to introduce testimonial medical evidence to prove his claim for compensation benefits for disability or death from silicosis, coal worker's pneumoconiosis or other compensable pneumoconiosis. The claimant, the board and the circuit court were of the opinion that these statutory provisions relieved the claimant from such requirement.

On this appeal the Fund insists that the contrary conclusion is correct.

At the outset it should be noted that the declaration of legislative intent directs the board to give due regard to policy consideration in favor of early settlement of claims and prompt administrative handling of such claims. A purpose of the policy is to reduce expenses to claimants, but the legislative direction specifically confines this policy to the handling of uncontested claims. The instant case is not an uncontested claim because the Fund timely filed the notice required by KRS 342.316(2) (b) (5) that the claim would be resisted. Thereupon, the board was deprived of authority to enter an order and award for the claimant as permitted in this statutory subsection in those instances where the claim is not resisted. This particular subsection provides that if the claim is resisted, the board must set a date for a hearing and apply its regular procedures.

When the various subsections are considered together in the light of the declaration of legislative intent, it appears that the first goal intended to be achieved was to provide a default judgment procedure, so to speak, in occupational disease claims to which the statute was applicable. This was not possible under the practice existing prior to the enactment of the 1970 modifications. Where the default judgment method is available, the claimant is relieved of deposition expenses, the award is entered more expeditiously and a downward adjustment in attorney's fees payable from the award is legislatively mandated. Our problem, however, in this case, is to determine the effect of the 1970 modifications upon contested claims.

KRS 342.316(2) (b) (1) requires that the application include two written medical reports supporting the claim. In the present case, the application was accompanied by six medical reports. Subsection (2) (b) (2) of the same statute states that the application accompanied by the two medical reports satisfies "the requirements of the presumptive clause set out in subsection (6) of this section and the burden of proof shall immediately thereafter shift to the employer and the Special Fund." The presumptive clause of subsection (6) recites that there is a rebuttable legal presumption that all resulting disability from silicosis or pneumoconiosis complicated with tuberculosis, emphysema or other pulmonary dysfunction is work related and compensable and compensation shall be payable as for the uncomplicated disease. The presumptive clause is subject to the proviso that the disease or dysfunction was an essential factor in causing such a disability or death.

■ Therefore, when subsection (2) (b) (2) of the statute concerned provides that the presumptive clause set out in subsection (6) applies and that the burden of proof immediately thereafter shifts to the employer and the Special Fund, its only apparent meaning, which we can discern, is that the burden of proof concerning the subject matter discussed within the presumptive clause of subsection (6) shall rest upon the employer and the Special Fund. The proviso in the presumptive clause that the disease or dysfunction was an essential factor in causing the disability or death remains unaffected.

■ In this case, no claim was presented of, nor did the application purport to disclose, silicosis complicated with tuberculosis or other pulmonary dysfunction. Therefore, the subject matter to which subsection (6) is addressed is not present in this case. We, therefore, conclude that claimant in this resisted and contested proceeding had the duty to introduce medical evidence in testimonial form, subject to cross-examination, according to the regular procedures of the Workmen's Compensation Board. This medical evidence should have been addressed to the existence of silicosis and that this disease was an essential factor in causing the claimant's disability.

This is the first case in which we have been squarely presented with the problem

of the procedural effect of the 1970 modifications to this statute in the instance of a resisted claim. The statutory language is imprecise. The legal difficulties attendant upon judicial construction according to legal concepts of statutory expressions such as "burden of proof shifts" and "rebuttable legal presumption, provided, however," are obvious. Therefore, influenced by the broad social purpose of the Workmen's Compensation Act, we are unwilling to penalize the innocent claimant and deprive him of an opportunity to properly prove his case because of his misconstruction of the legal effect of recently adopted statutory language; particularly, where the board and the circuit court construed the legal effect of the language in the same manner as did the claimant's counsel. We, therefore, direct that the circuit court remand the case to the Workmen's Compensation Board with leave granted to the claimant to properly present his case in accordance with our construction of the statute.

The judgment is reversed with directions to enter an order remanding the case to the board for further proceedings before it in accordance with this opinion.

All concur.