James R. YOCOM, Commissioner, Department of Labor, Commonwealth of Kentucky, and Custodian of the Special Fund, et al., Appellants,

v.

WORKMEN'S COMPENSATION BOARD, Commonwealth of Kentucky and Dave Morgan, Appellees.

Court of Appeals of Kentucky.

Oct. 3, 1975.

Asa P. Gullett, III, Cooper, Gullett, Combs & Engle, Hazard, Timothy P. O'Mara, Louisville, for appellants.

Lester H. Burns, Jr., Burnside, for appellee Dave Morgan.

CULLEN, Commissioner.

The Kentucky Workmen's Compensation Board made an award to David Morgan, against his employer and the Special Fund

in a specified apportionment, for total permanent disability from pneumoconiosis. The order of award was affirmed, on appeal, by a circuit court judgment. The employer and the Special Fund are here appealing from that judgment. The primary contention of the appellants is that Morgan's claim should have been dismissed, pursuant to the employer's motion made at the outset of the proceedings before the board, because the claim did not comply with the formal requirements of KRS 342.-316(2)(b)1. Since we agree with that contention it is unnecessary for us to consider the secondary contention that the evidence was not sufficient to support the award.

Morgan's claim was filed in July 1973. The employer promptly filed notice that the claim would be resisted, and a motion to dismiss the claim for failure of compliance with KRS 342.316(2)(b)1. The board passed to the merits the motion to dismiss and never ruled on it or on a renewed motion made subsequently.

The relevant provisions of KRS 342.316 in effect at the time Morgan filed his claim were as follows:

"(b) The procedure with respect to filing of claims shall be as follows:

1. The application shall set forth the work history of the applicant with a concise description of injurious exposure to a specific occupational disease together with the names and addresses of employer or employers with the approximate date of employment and shall also include with the application two (2) written medical reports supporting his claim. These medical reports shall be made on the basis of comprehensive clinical examinations and shall contain full and complete statements of the results thereof. The reports shall be made by duly licensed physicians. The clinical examinations shall include x-ray examinations. However, the failure of an x-ray examination to disclose the presence of an occupational disease shall not affect the legal presumption referred to in subsection (5) of this section.

2. The filing of a properly executed application for adjustment of claim, accompanied by the two (2) medical reports described in subparagraph 1. of this paragraph, shall satisfy the requirements of the presumptive clause set out in subsection (6) of this section and the burden of proof shall immediately thereafter shift to the employer and the special fund.

3. Immediately upon receipt of said application for adjustment of claim, the board shall notify the affected employer, the special fund and any other interested party of such claim and shall furnish them with a full and complete copy of the claim.

4. Upon receipt of notice of claim the employer, the special fund, and any other interested party shall have the right as provided under KRS 342.021 to have the claimant examined by competent medical experts.

5. Within sixty (60) days of the filing of the claim the employer, the special fund, and any other interested party shall notify the board, and the claimant whether or not the claim will be resisted. If the claim is not resisted, then the board shall within ten (10) days enter an order and award for the claimant. If the claim is resisted, the board shall set a date for a hearing and shall notify all parties thereof. In litigated claims the regular procedures prescribed by the workmen's compensation board shall be followed.

\*     \*     \*     \*     \*     \*

(5) Where the occupational disease is a compensable pneumoconiosis and there has been employment exposure for 10 years or more to an industrial hazard sufficient to cause the disability of pneumoconiosis there shall be a rebuttable presumption that the disability or death was due to the compensable pneumoconiosis."

Admittedly, Morgan's claim did not comply with the requirements of KRS 342.-316(2)(b)1, in that it did not contain two medical reports made on the basis of comprehensive clinical examinations. The question for this court to decide is whether

this admitted failure of compliance was *fatal to the claim*, in that it required the dismissal of the claim (there having been no offer by Morgan to amend the claim to put it in compliance). Questions of this kind usually are discussed in terms of whether the statute is "mandatory" or merely "directory," but regardless of semantics the true question still is whether the failure to comply with have fatal consequences. The approach to be taken, according to what we think are the better-reasoned cases, is to determine, first, what is the purpose or objective of the statutory requirement and whether it is of material significance, and second, whether the noncompliance in the particular instance defeated that purpose. Cf. *Fannin v. Davis*, Ky., 385 S.W.2d 321; *Bauer v. Alcoholic Beverage Control Board*, Ky., 320 S.W.2d 126; *Stanfield v. Willoughby*, Ky., 286 S.W.2d 908; *Board of Barbers & Beautician Examiners v. Mayo State Vocational School*, Ky., 259 S.W.2d 452.

Morgan's contention in the instant case is that the only purpose of the statutory requirement of two medical reports based on comprehensive clinical examinations is to furnish the basis for the *presumption* provided for in KRS 342.316(2)(b)2; and if (as was the case here) the presumption is not sought to be invoked and is in fact not invoked, the noncompliance with the requirement for medical reports does not defeat the purpose of the statute and should not be cause for dismissal of the claim. We are not convinced, however, that the above-suggested purpose is the only or even the primary one of this statute.

In *Young v. Daniels*, Ky., 481 S.W.2d 295, in discussing the comparable provisions of KRS 342.316 as they existed under a 1970 amendment, this court said that "it appears that the first goal intended to be achieved was to provide a default judgment procedure." Without deciding whether the provision of KRS 342.316(2)(b)2 to the effect that a claim in proper form "shall satisfy the requirements of the presumptive clause set out in subsection (5) of this section" has application only in *default* situations, we think that a significant pur-

pose of the requirement as to the contents of the claim is to enable the employer and/or the Special Fund to make an intelligent, informed decision as to whether to contest the claim or to let it go by default. If the claim includes the required medical reports, the employer or fund knows that the claimant has what appears to be a genuine claim which he can support with medical proof. If the medical reports are not included, the employer or fund is not supplied the information on which to judge the strength of the claim. Therefore, the purpose of the statute is defeated. The purpose obviously was defeated in the instant case because the employer, not having been given the required information, had no real choice other than to contest the claim (and ended up losing the case despite the fact that the claimant's medical proof on the hearing was less than what the statute required to be included in the claim document).

In *Young v. Daniels*, supra, this court said that the provision of KRS 342.-316(2)(b)2 that a "properly executed application * * * shall satisfy the requirements of the presumptive clause" was "imprecisely worded" and "confusing." We think we were too generous; the fact is that the provision is utterly incomprehensible.

The judgment is reversed with directions to the circuit court to remand the case to the Workmen's Compensation Board for the entry of an order dismissing the claim.

All concur except LUKOWSKY, J., who did not sit.