John Calhoun WELLS, Commissioner of Labor and Custodian of Special Fund and Coal Miners' Pneumoconiosis Fund, and Mitchell Branch Coal Co., Appellants,

v.

David HAMILTON and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Feb. 4, 1983.

Cyril E. Shadowen, Sp. Fund, Dept. of Labor, Louisville, David H. Neeley, Francis, Kazee & Francis, Prestonsburg, for appellants.

Arnold Turner, Jr., Prestonsburg, for appellees.

Before COOPER, GUDGEL and REYNOLDS, JJ.

GUDGEL, Judge:

The issue in this appeal is whether the Workers' Compensation Board was entitled to rely on the presumptions set forth in KRS 342.316(2)(b)(2) and KRS 342.316(5) in making a finding of fact that a worker suffers from the occupational disease of pneumoconiosis when the employer had introduced medical evidence to rebut those presumptions. We are of the opinion that, when the employer and the Special Fund introduce probative medical evidence that the worker does not suffer from the disease, the Board is not entitled to rely on the statutory presumptions. Hence, we reverse the order of the circuit court which affirmed the Board and remand this cause with directions that the Board be ordered to make a finding of fact based on the evidence adduced as to whether appellee suffers from the disease of pneumoconiosis.

Appellee's claim for benefits was two-pronged. He asserted a claim that he sustained a compensable back injury and coupled that with a claim that he was also disabled by reason of the occupational disease of pneumoconiosis. As required by KRS 342.316(2)(b)(1), he attached two medical reports of physicians to his claim for pneumoconiosis benefits. He then introduced testimonial medical evidence of three physicians that he suffered from the disease. In defending against appellee's claim, appellants introduced the testimonial medical evidence of four physicians, all of whom testified that appellee did not suffer from pneumoconiosis.

In its opinion and award, the Board first found that the evidence was insufficient to support a finding that appellee sustained a compensable back injury. The Board then found that appellee was disabled by pneumoconiosis. In making this finding, the Board made no reference to the testimony of the physicians who had expressed an opinion as to whether appellee suffered from the disease. Instead, the Board based its findings solely on statutory presumptions, as follows:

12. The case presents a close issue on the existence or not of an occupational disease of coal miners' pneumoconiosis. The plaintiff, however, is entitled to the presumptions of KRS 342.316(2)(b)(2) and KRS 342.316(5). We, therefore, find that the plaintiff does have a compensable occupational disease of pneumoconiosis. On the other hand, the medical testimony does not support a conclusion that the plaintiff has a large functional pulmonary impairment as a result of the pneumoconiosis standing alone. We do find, bearing in mind the plaintiff's age, his prior work history, and the geographic area in which he resides, that the plaintiff is disqualified from being able to obtain future employment in the coal mining industry. As a result, we assesses his occupational disability resulting from the pneumoconiosis at 50% under the principles set out in *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968).

By relying only on the statutory presumptions, the Board avoided having to determine which of the parties' medical evidence it would choose to believe. Appellants contend that, since they introduced probative medical evidence that appellant does not suffer from the disease of pneumoconiosis, the Board was not entitled to afford appellee the benefit of the statutory presumptions and rely on them as a basis for finding that he does. We agree.

The pertinent portions of the statutes provide as follows:

KRS 342.316(2)(b)(2)—The filing of a properly executed application for adjustment of claim, accompanied by the two (2) medical reports described in subparagraph 1 shall satisfy the requirements of the presumptive clause set out in subsection (5) of this section, and the burden of proof shall immediately thereafter shift to the employer and special fund.

KRS 342.316(5)—Where the occupational disease is a compensable pneumoconiosis and there has been employment exposure for ten (10) years or more to an industrial hazard sufficient to cause the disability of pneumoconiosis, there shall be a rebuttable presumption that the disability or death was due to the compensable pneumoconiosis.

■ The language of these statutes has been characterized as "confused and imprecise," *Young v. Daniels,* Ky., 481 S.W.2d 295 (1972), and as "utterly incomprehensible," *Yocom v. Workmen's Compensation Board,* Ky., 535 S.W.2d 75 (1975). Moreover, we think there are serious questions as to whether the presumptions set out in the statutes are even applicable in the absence of a showing that a claimant's pneumoconiosis is complicated with tuberculosis, pulmonary emphysema, or other pulmonary dysfunction. *Wilson v. Hines,* Ky., 478 S.W.2d 729 (1972). Fortunately, we need not attempt to construe the statutes because, whatever the nature of the presumptions contained in KRS 342.316(2)(b)(2) and 342.-316(5), the Board erred in relying on them under the circumstances of this case. The legislature has labeled the presumptions "rebuttable." It is therefore clear that the legislature intended the general rules applicable to rebuttable presumptions to apply. Such presumptions may only be indulged in so long as there is no substantial evidence to the contrary. Once substantial evidence to the contrary is offered, the presumptions disappear, and any factual issues in dispute must be determined based on the evidence adduced. *Carroll v. Carroll,* Ky., 251 S.W.2d 989 (1952).

■ Here, appellee complied with subsection (1) of KRS 342.316 and performed his duty to introduce testimonial medical evidence to prove his claim. Thus, at that point in the proceedings, he was entitled to the benefit of the presumptions set forth in KRS 342.316(2)(b)(2) and KRS 342.316(5). As a result, the burden shifted to appellants to rebut those presumptions by introducing evidence that appellee did not suffer from pneumoconiosis. Appellants met their burden by introducing the testimonial medical evidence of four physicians. Therefore, at the time this case was submitted to the Board for decision, the statutory presumptions had disappeared, and the Board was not entitled to rely on them in rendering its award. *Carroll v. Carroll, supra.* Rather, in accordance with its statutory duty as factfinder, the Board was required to consider the conflicting medical evidence and to make an independent factual determination as to whether appellee suffers from pneumoconiosis based on the medical evidence adduced. The Board failed to comply with this duty, however, choosing instead to reach its decision by relying solely on the statutory presumptions. While the method the Board chose to reach its decision may have been more palatable to it than complying with its duty as fact-finder to weigh the credibility of the various medical witnesses, the Board was not entitled to resolve this dispute by employing such a method. Thus, we hold that the Board's findings do not support its award.

Accordingly, we reverse the circuit court's order, which affirmed the Board, and remand this case with directions that the Board be ordered to comply with its statutory duty as fact-finder to make a specific finding, in light of the medical evidence adduced, as to whether appellee suffers from the disease of pneumoconiosis and to render an appropriate opinion and award based on that finding.

All concur.