Robert E. BROOKS, Appellant,

v.

ISLAND CREEK COAL COMPANY, John C. Wells, Commissioner of Labor and Custodian of the Special Fund, and Kentucky Workers' Compensation Board, Appellees.

John W. OGLESBY, Appellant,

v.

CIMMARRON COAL COMPANY, Thelma L. Stovall, Commissioner of Labor and Custodian of the Special Fund, and Kentucky Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Aug. 3, 1984.

Discretionary Review Denied by Supreme Court Nov. 28, 1984.

Dick Adams, Adams, Haydon, Day & Hinton, Madisonville, for appellants.

William P. Swain, Larry L. Johnson, Boehl, Stopher, Graves & Deindoerfer, Gemma M. Harding, Cyril E. Shadowen, Dept. of Labor, Louisville, Sheila C. Lowth-er, Mills, Mitchell & Turner, Madisonville, for appellees.

Before HAYES, C.J., and COMBS and GUDGEL, JJ.

HAYES, Chief Judge:

The only issue with merit in these two workers' compensation cases, consolidated for appeal purposes, is whether the phrase in KRS 342.730(1)(b) that "but such benefits shall not be paid after the employee becomes eligible for normal old age benefits under the Federal Old Age, Survivors and Disability Insurance Act ..." is so vague and ambiguous as to violate the workers' due process and equal protection rights guaranteed by the Federal and State Constitutions. We interpret the statutory provision to be constitutional.

In deciding whether an act of the General Assembly of Kentucky is unconstitutional we necessarily begin with the strong presumption in favor of constitutionality and should so hold if possible. *United Dry Forces v. Lewis,* Ky., 619 S.W.2d 489 (1981), and *Sims v. Board of Education of Jefferson County,* Ky., 290 S.W.2d 491 (1956). If we assume that the rationale behind the enactment of the statute here was in large part the prevention of the duplication of wage losses, and we believe that to be a valid assumption, then it is implicit in the construction of the statute that the legislature intended the phrase "eligible for normal old age benefits" to include *drawing* or *receiving* same. We are dealing with a statutory provision enacted in 1980 and repealed in 1982 by the General Assembly—a life span of two (2) years (effective dates: July 15, 1980—July 15, 1982).

Under this interpretation of the legislative intent, the worker between the ages 65–70 (who is eligible for normal retirement benefits) but who has chosen not to draw the normal benefits to which he is eligible, for whatever reason, would not come under the provisions of the statutory restriction unless and until such time he chose to receive social security.

Eligibility for *normal* benefits under the present law, is, as the trial court held, at age 65.

■ The appellant, Ogelsby, raises the only other issue deserving of comment. He argues that the ex parte medical reports, which were attached to the application form required by KRS 342.316(2)(b)(1) have evidentiary value and should have been given weight by the Board, even though the doctors never testified in the case. The trial court correctly held:

In this court's opinion, the Board was not required to adopt such opinions. The Board had before it and obviously considered testimony from some nine (9) other physicians, whose depositions were included in the record. The Form 11 reports were only required to be filed in order to entitle the claimant to the presumption of compensable disability in the event the claim was uncontested or at least unrebutted by medical evidence.

As noted in *Young v. Daniels*, Ky., 481 S.W.2d 295 (1972), the reports serve as a means for early settlement and handling of uncontested claims and to provide a default judgment procedure in uncontested claims.

In appellant Oglesby's case, once his claim became contested and evidence was introduced, the ex parte reports as such have no probative value and thus the Board was not required to consider same. Of course, the appellant Oglesby could have deposed the doctor, in which case this issue would not be before us. The reports under 803 KAR 25:010 § 3(3) were merely a part of the pleadings in Oglesby's claim for compensation.

The trial court's opinion in both these cases is affirmed except that part of the opinion that terminates benefits upon each appellant reaching the age of 65. The full benefits will continue for each appellant until the appellant becomes 65 and is drawing or receiving social security benefits.

GUDGEL, J., concurs.

COMBS, J., dissents with separate opinion.

COMBS, Judge, dissenting.

I respectfully dissent from the majority opinion.

As to the questions common to both appellants, I am of the opinion that KRS 342.730(1)(b) is violative of the due process and equal protection clauses of the Fourteenth Amendment to the federal constitution. This statute has since been repealed, presumably because of these defects. One of the most troublesome parts of the statute is the phrase "... after the employee becomes eligible for normal old age benefits ...." What is normal for one may not be normal for another. Workers are entitled to benefits at ages 62, 65, 70 and 72. If a worker was 65 and receiving old age benefits, he would not be entitled to further compensation benefits. But, until he reaches that age and is receiving benefits, he would be entitled to benefits under the Act.

As to appellant Oglesby, I would reverse and remand the case to the Board with directions that the Board consider the medical reports filed with his Form 11, as is required by KRS 342.316(2)(b) and (7), together with the presumption as well as the provisions of KRS 342.230(3). It is not intended that the Board shall be bound by the conclusions and the diagnoses contained in the reports but that the reports should be considered by them, together with other evidence in arriving at their conclusions. If these reports are entitled to evidentiary value in an uncontested case, certainly they do not lose all of the value when the claim is contested.

Furthermore, the case of *Young v. Daniels*, Ky., 481 S.W.2d 295 (1972), does not hold that they were entitled to no weight. It merely held that an award could not be based upon reports alone.

I would reverse the case of appellant Brooks and remand it to the Board with directions to enter an award of total and permanent disability benefits, for the additional reason that the Board's failure to find him totally and permanently disabled is clearly erroneous. It is true that appel-

lant had some neck problems back in the early 70's. There is absolutely no evidence that this interfered in any way with his ability to perform his work which was rather heavy, arduous type of labor. Functional impairments and disability are not synonymous terms.

KRS 342.620(11) clearly mandates the criteria for determining disability. Applying the evidence in this case to that statute, one inescapably arrives at the conclusion that appellant Brooks is totally and permanently disabled.