Allen MORGAN, Appellant,

v.

**PEABODY COAL COMPANY, John Calhoun Wells, Secretary, Labor Cabinet (Special Fund): and the Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

April 5, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 4, 1985.

Ronald K. Bruce, Madisonville, for appellant.

Philip J. Reverman, Jr., William Swain, Larry Johnson, Douglas A. U'Sellis, Louisville, for appellees.

Before COMBS, McDONALD and WILHOIT, JJ.

McDONALD, Judge.

This is a workers' compensation case. Appellant Allen Morgan, claimant below, applied for benefits claiming to be disabled by coal worker's pneumoconiosis. His claim was denied by the Workers' Compensation Board on the merits, the Board holding that it was persuaded by the testimony of the physicians deposed by the employer that Morgan does not suffer from a compensable occupational disease. Morgan appealed to the Ohio Circuit Court, arguing that because the Special Fund did not timely file a Notice of Resistance of Claim as required by KRS 342.316(2)(b)(5), an award for the entire amount of the claim against the Special Fund is mandated.

The record reveals that the employer, Peabody Coal Company, filed a timely Notice of Resistance of Claim, but that the Special Fund was some 26 days late in filing its Notice of Resistance. Morgan moved the Board to strike the Special Fund's Notice of Resistance, and the Board complied. Morgan then moved for entry of an award against the Special Fund, and the Board passed this motion to the merits, ultimately dismissing Morgan's claim. The Ohio Circuit Court affirmed the Board.

The only question presented on appeal is whether KRS 342.316(2)(b)(5) requires entry of an award for a workers' compensation claimant against the Special Fund solely for failure to file a timely Notice of Resistance of Claim in cases where the employer has filed a timely Notice of Resistance and has defeated the claim on the merits. We hold that it does not.

The employer's Notice of Resistance gave Morgan notice that he would have to prove his disability, and he failed to carry his burden. This notice inured to the benefit of both defendants under the rule stated in *Caldwell v. Bethlehem Mines Corporation*, Ky., 455 S.W.2d 67 (1970).

The judgment is affirmed.

All concur.