**CAL GLO COAL COMPANY, (Now Gatliff Coal Co.), Appellant,**

v.

**Vester MAHAN, Workers' Compensation Board and Special Fund: Coal Workers' Pneumoconiosis Fund and Department of Labor, Appellees.**

**CAL GLO COAL COMPANY (Now Gatliff Coal Co.), Appellant,**

v.

**Brian SMITH, Special Fund, Department of Labor Workers' Compensation Board, Appellees.**

**CAL GLO COAL COMPANY (Now Gatliff Coal Company), Appellant,**

v.

**Hubert RHODES, Special Fund and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

March 13, 1987.

Rehearing Denied May 22, 1987.

Allan Weiss, Morris, Garlove, Waterman & Johnson, Louisville, for appellant.

Cyril E. Shadowen, Hon. Thomas A. Dockter, Labor Cabinet, Division of Special Fund, Louisville, for special fund.

Dennis Nagle, Charles G. Cole, John E. Anderson, Cole, Cole & Anderson, Barbourville, for appellees.

Before COOPER, DYCHE and LESTER, JJ.

LESTER, Judge.

These are consolidated appeals from orders affirming three awards of the Workers' Compensation Board against Gatliff Coal Company. In each of these cases, the Board found the claimants to be totally occupationally disabled as a result of pneumoconiosis or black lung.

The common issue raised in each of these appeals is whether there were sufficient findings to support the Board's awards, or whether the Board's finding of pneumoconiosis, in and of itself, is sufficient to support an award for permanent total disability.

In the first case, 86–CA–1429, the claimant, Vester Mahan, filed a claim alleging pneumoconiosis. Neither the employer nor the Special Fund filed a notice of resistance as required by KRS 342.316(2)(b)(5). The Board then ruled that the requirements for filing notice of resistance are mandatory and thus, granted an award to the claimant for 100% occupational disability.

The employer argued on appeal that CR 6.02 gives the court discretion to enlarge time if failure to act was the result of excusable neglect. Having reviewed the statute as well as the rule cited by appellant, we find that the Board correctly applied KRS 342.316(2)(b)(5) in entering an award and order for the claimant. We also find that neither the court, nor the Board,

abused its discretion in denying the appellant an enlargement of time.

Appellant also argues, however, that even if the failure to file a resistance is in the nature of a default, the claimant must still introduce evidence of the extent of his disability. However, under the statute, it appears that the filing of the application accompanied by the two medical reports, shall create a rebuttable presumption that the disability was due to pneumoconiosis *and* "the burden of proof shall immediately shift to the employer." KRS 342.-316(2)(b)2.

■ Here, appellee complied with the statute and performed his duty to introduce medical evidence to prove his claim. As a result, the burden shifted to appellant to rebut the presumption with evidence that appellee did not suffer from pneumoconiosis. *Wells v. Hamilton,* Ky.App., 645 S.W.2d 353, 355 (1983).

Since neither the employer nor the Special Fund rebutted the presumption of pneumoconiosis and since the extent of disability or amount of compensation was not raised by either defendant, we believe the judgment awarding maximum compensation should be affirmed. *Yocum v. Harrison,* Ky., 517 S.W.2d 231 (1974). In this case, the award was akin to a default judgment procedure and we find no error. *Young v. Daniels,* Ky., 481 S.W.2d 295 (1972).

However, in turning to the other two cases on appeal, we believe we should point out that the presumption contained in KRS 342.316 concerns *causation,* not disability. Appellant, in both of these cases, asserts that the Board equated its findings that the claimants suffered from pneumoconiosis with an award for permanent total disability. Appellees contend that the Board's awards of total occupational disability were supported by findings as to the respective claimants' age, education, and work history.

■ As we stated previously, under KRS 342.316, a presumption as to causation arises and the burden of proof shifts to the employer following the filing of the claim. However, appellants met their burden in the two remaining cases by the introduction of testimonial medical evidence. In *Wells v. Hamilton,* Ky.App., 645 S.W.2d 353 (1983), we held that at this point the presumption disappears and the Board is required to consider the conflicting evidence and make an independent factual determination as to whether the appellee suffers from pneumoconiosis. In both of the remaining cases, it appears that the Board weighed the conflicting testimony and found the testimony of the claimants' witnesses more credible and persuasive. This is proper and will not be disturbed on appeal. *Young v. Burgett,* Ky., 483 S.W.2d 450 (1972). Still, this only resolves the issue of whether or not the claimants suffer from pneumoconiosis. We are inclined to agree with appellant that it is not so readily apparent that the Board considered testimony and made a finding based thereon, as to the *extent* of the "occupational disability," if any, resulting from the disease.

We have held that the existence of coal workers' pneumoconiosis does not, standing alone, require an award of permanent total disability. *Young v. Shepherd,* Ky., 451 S.W.2d 608 (1970); *Princess Mfg. Co. v. Jarrell,* Ky., 465 S.W.2d 45 (1971). We have also held that the Board is required to make specific findings to uphold its ultimate conclusions. *Chemetron Corp. v. McKinley,* Ky.App., 574 S.W.2d 332 (1978); *Shields v. Pittsburgh & Midway,* Ky.App., 634 S.W.2d 440 (1982).

In the case at bar, the Board failed to make sufficient findings to support its conclusions that the two claimants were totally and permanently disabled. The Board made absolutely no findings with respect to occupational disability. We find these cases to be indistinguishable from our holding in *Shields v. Pittsburgh & Midway,* Ky.App., 634 S.W.2d 440 (1982), wherein we stated:

It is not the intention of the Court to place an impossible burden on the Workers' Compensation Board but only to point out that the statute and the case law require the Board to support its conclusions with facts drawn from the evidence in each case so that both sides may be dealt with fairly and be properly ap-

prised of the basis for the decision. *Id.* at 444.

*Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), clearly sets out the standard for an award of total disability.

> If the board finds that the workman is so physically impaired that he is not capable of performing any kind of work of regular employment, or if the board finds that regular employment in the kind of work the man can perform is not available on the local labor market, the man will be considered to be totally disabled.

In both 86–CA–1430 and 86–CA–1441, the Board made no findings to support its conclusion that the respective claimants were totally disabled. In the absence of such findings, meaningful appellate review as to whether there is sufficient evidence to support the award is impossible. *Cook v. Paducah Recapping Service,* Ky., 694 S.W.2d 684, 689 (1985).

■ However, we do point out that if, upon remand, there is substantial evidence to support the Board's findings as to the extent of occupational disability, this Court is without authority to substitute its finding for that of the Board. *Pruitt v. Bugg Brothers,* Ky., 547 S.W.2d 123 (1977). It is the function of the Board to determine the extent of occupational disability. *Davis v. Baker,* Ky., 530 S.W.2d 370 (1975).

The inquiry does not end there, however. Although the parties failed to raise the issue, this Court is aware that pursuant to the recent case of *Eaton Axle Corp. v. Nally,* Ky., 688 S.W.2d 334, at 338 (1985):

> ... no award, order or decision of the Workers' Compensation Board shall be reversed or remanded on appeal to any court because of failure of said Board to make findings of an essential fact unless said failure is brought to the attention of the Board by Petition for Rehearing pursuant to KRS 342.281.

■ In the *Rhodes* case, 86–CA–1441, the appellant did file a petition for reconsideration with the Board prior to taking its appeal to the Whitley Circuit Court. However, from our review of the record below, it appears that Gatliff Coal Company did not petition the Board to reconsider its opinion and award in the *Smith* case, 86–CA–1430.

The test for determining whether we can remand for findings since *Eaton Axle, supra,* is whether the error to be addressed by the Board is apparent, or "patent." *Francis v. Glenmore Distilleries,* Ky.App., 718 S.W.2d 953 (1986). In the *Eaton Axle* opinion itself, the Supreme Court stated that failure by the Board to make statutorily mandated findings of fact is clearly a patent error. *Eaton Axle, supra,* at 338.

Insofar as the employer failed to petition for reconsideration in 86–CA–1430, we must affirm the circuit court's order dismissing that appeal. For the reasons set forth earlier in this opinion, we also affirm the order rendered in 86–CA–1429. Because the Board failed to make findings sufficient for appellate review in 86–CA–1441, we remand that case, through the Whitley Circuit Court, for proceedings consistent with the views expressed herein.

■ Finally, in regard to the latter case, 86–CA–1441, the Special Fund raises the issue of its failure to file a notice of resistance in that claim. Apparently, Mr. Rhodes argued below that because the Special Fund failed to file resistance, an award for the entire claim against the Fund is required. Although Rhodes does not make that argument on appeal, we answer the question by referring the parties to *Morgan v. Peabody Coal Co.,* Ky.App., 698 S.W.2d 1 (1985). The notice of resistance filed by the employer inures to the benefit of both defendants. *See also, Caldwell v. Bethlehem Mines Corp.,* Ky., 455 S.W.2d 67 (1970).

Further, pursuant to 2.(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.