**INGERSOLL–RAND, Appellant,**

v.

**Ralph EDWARDS; Hon. Thomas A. Nanney, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2000–CA–000616–WC.

Court of Appeals of Kentucky.

Sept. 15, 2000.

S. Boyd Neely, Jr., Mayfield, for Appellant.

Jeffery A. Roberts Murray, for Appellee.

BEFORE: COMBS, JOHNSON, and KNOPF, Judges.

## OPINION

COMBS, JUDGE:

Ingersoll–Rand asks us to review an opinion of the Workers' Compensation Board (the Board) rendered February 11, 2000. Kentucky Revised Statutes (KRS) 342.290. We affirm.

The Board affirmed an opinion and award of the Administrative Law Judge (ALJ) rendered September 23, 1999, awarding appellee, Ralph Edwards, benefits for permanent, partial disability as a result of work-related cumulative trauma to his hands and wrists.

On appeal, Ingersoll–Rand raises two questions for our consideration: (1) whether the board erred by failing to "carve out" a portion of Edwards's award for "the natural aging process"; and (2) whether the decision is supported by substantial evidence.

Resolution of these questions requires interpretation of KRS 342.0011(1) enacted by the legislature effective December 12, 1996. That section provides as follows:

"Injury" means any work-related traumatic event or series of traumatic events, including cumulative trauma, arising out of and in the course of employment which is the proximate cause producing a harmful change in the human organism evidenced by objective medical findings. *"Injury" does not include the effects of the natural aging process,* and does not include any communicable disease unless the risk of contracting the disease is increased by the nature of the employment. "Injury" when used generally, unless the context indicates otherwise, shall include an occupational disease and damage to a prosthetic appliance, but shall not include a psychological, psychiatric, or stress-related change in the human organism, unless it is a direct result of a physical injury.

(Emphasis added).

In light of that provision, we must look to the evidence to determine whether it supports the award. In reaching his conclusions, the ALJ observed as follows:

Dr. Flournoy initially indicated that he believed plaintiff's hand condition was essentially an arthritic condition which was significantly related to the natural aging process. However, in his deposition, having been advised somewhat of the nature of plaintiff's work over his 23 years with the Defendant–Employer, Dr. Flournoy stated specifically that the plaintiff's degenerative arthritis was accelerated and exacerbated by his work with the Defendant–Employer.

\* \* \* \*

I, therefore, conclude that the plaintiff has sustained a compensable work-related injury, none of which shall be excluded as part of the natural aging process.

(Opinion at 3–5). The essence of the appellant's argument is that the ALJ should have excluded the effects of "the natural aging process" in computing Edwards's disability.

Ingersoll–Rand contends that the *entirety* of the medical testimony indicates that the worker's disability is attributable to the effects of "the natural aging process." Consequently, the ALJ erred by failing to "carve out" from the award that part of the disability attributable to aging. We do not agree with the employer's assessment or characterization of the medical evidence presented in this case. Nor do we agree that the effects of "the natural aging process" are at issue in this matter.

█ While degenerative arthritis may be said to be a part of the aging process, the extent to which Edwards suffered its disabling effects was a direct result of his work activities. The medical evidence presented in this case indicates simply that the repetitive motion to which Edwards was exposed at work each day proximately caused his disability. Therefore, the evidence requires a finding that Edwards suffered a work-related injury, entitling him to coverage under the Workers' Compen-

sation Act. KRS 342.0011(1). Moreover, we agree with the Board that while the AMA Guidelines automatically exclude the effects of the natural aging process, the terms "dormant non-disabling condition" and "natural aging process" cannot be equated and held to be synonymous with one another, automatically precluding an award for an injury where the actual aging process may indeed be merely a peripheral issue.

█ As there is ample evidence in the record supporting a finding of disability, we are bound to affirm. The weight and sufficiency of the evidence are matters for the fact-finder. *See Square D Co. v. Tipton,* Ky., 862 S.W.2d 308 (1993), and *Paramount Foods, Inc. v. Burkhardt,* Ky., 695 S.W.2d 418 (1985). We are not at liberty to disturb the ALJ's determination. *See Cal Glo Coal Co. v. Mahan,* Ky.App., 729 S.W.2d 455 (1987).

We affirm the opinion and award of the Workers' Compensation Board.

ALL CONCUR.