RENDERED:  SEPTEMBER 25, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0088-WC

KIMBERLY COFFEY                                                       APPELLANT


                        PETITION FOR REVIEW OF A DECISION
v.                      OF THE WORKERS' COMPENSATION BOARD
                            ACTION NO. WC-16-91920


MCCREARY COUNTY FISCAL COURT;
HON. GRANT S. ROARK, ADMINISTRATIVE
LAW JUDGE; AND WORKERS' COMPENSATION
BOARD                                                                APPELLEES


                                OPINION
                               AFFIRMING

                            ** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

ACREE, JUDGE:  Kimberly Coffey appeals from an opinion of the Workers'

Compensation Board which upheld an administrative law judge's (ALJ) order

awarding her permanent total disability benefits and medical benefits, but limited

her award according to the newly-enacted Kentucky Revised Statute (KRS) 342.730(4). We affirm.

## BACKGROUND

On November 27, 2018, a defective hydraulic lift was lowered onto Coffey's foot. She alleged a safety violation by her employer, McCreary County Fiscal Court. Subsequently, McCreary County alleged a safety violation by Coffey. Before the final hearing, Coffey filed a "Notice of Constitutional Challenge" on February 26, 2019, asserting the retroactive application of the current version of KRS 342.730(4) is unconstitutional. A final hearing was held on June 4, 2019.

The ALJ issued an opinion on August 5, 2019. In that opinion, the ALJ determined Coffey sustained a permanent total disability stemming from McCreary County's violation of a safety regulation. Regarding Coffey's constitutional challenge, the ALJ stated it had no authority to rule on constitutional issues, limited her award based on the statute, and preserved the issue for appellate review. The Board made the same determination, and this appeal followed.

## STANDARD OF REVIEW

The Court reviews questions of law, such as the constitutionality of statutes, using the *de novo* standard. *U.S. Bank Home Mortgage v. Schrecker*, 455 S.W.3d 382, 384 (Ky. 2014).

## ANALYSIS

Coffey argues the retroactivity of the current version of KRS 342.730(4) is unconstitutional and that she is entitled to full benefits for life because the retroactivity provision is an unconstitutional *ex post facto* law. We disagree.

Our Supreme Court in *Holcim v. Swinford* held that the statute is retroactive but did not address the constitutionality of the statute's retroactive application. 581 S.W.3d 37, 44 (Ky. 2019) ("the constitutionality of the statute is not at issue before us"). Coffey places the issue squarely before this Court.

Coffey claims the statute is unconstitutional because it violates the Contract Clauses of the United States and Kentucky Constitutions. This is the second time the issue was raised in this forum. *Adams v. Excel Mining, LLC*, No. 2018-CA-000925-WC, 2020 WL 864129 (Ky. App. Feb. 21, 2020).[1] We believe that Opinion, albeit unpublished, adequately addresses this issue, and we repeat that analysis here.

The prohibition against *ex post facto* laws found in the United States Constitution and the Kentucky Constitution only applies to criminal matters. *Nicholson v. Judicial Ret. & Removal Comm'n*, 562 S.W.2d 306, 308 (Ky. 1978). However, Section 19(1) of the Kentucky Constitution and Article 1, Section 10,

---

[1] This case is currently on appeal to the Kentucky Supreme Court, No. 2020-SC-0137-WC.

Clause 1 of the United States Constitution prohibit laws which impair the obligation of contracts. This is Coffey's argument. She claims retroactive application of this statute infringes on her rights to recover workers' compensation benefits pursuant to the statute in effect at the time of her injury. In other words, she agreed to take part in Kentucky's workers' compensation scheme and demands she receive the benefits to which she was entitled at the time she was injured, not pursuant to the new retroactive regulation.

> [A] constitutional prohibition against impairing the obligation of contracts . . . is not an absolute one to be read with literal exactness. The Contract Clause does not prevent a state from enacting regulations or statutes which are reasonably necessary to safeguard the vital interests of its people.

*Maze v. Bd. of Directors for Commonwealth Postsecondary Educ. Prepaid Tuition Tr. Fund*, 559 S.W.3d 354, 368 (Ky. 2018) (citation omitted). When determining whether a legislative act violates the contract impairment clause, we utilize the following standard:

> (1) whether the legislation operates as a substantial impairment of a contractual relationship; (2) if so, then the inquiry turns to whether there is a significant and legitimate public purpose behind the regulation, such as the remedying of a broad and general social or economic problem; and (3) if, as in this case, the government is a party to the contract, we examine "whether that impairment is nonetheless permissible as a legitimate exercise of the state's sovereign powers," and we determine if the impairment is "upon reasonable

-4-

conditions and of a character appropriate to the public purpose justifying its adoption."

*Id.* at 369.

"The first step . . . is determining 'whether the state law has, in fact, operated as a substantial impairment of a contractual relationship.'" *Id.* at 369-70 (citations omitted).

> A significant consideration in this step of the analysis is the extent to which the industry subject to the contract has been regulated in the past. The rationale for this rule is thusly stated: "One whose rights, such as they are, are subject to state restriction, cannot remove them from the power of the State by making a contract about them."

*Id.* at 370 (citations omitted). Here, we conclude the new law substantially impairs Coffey's benefits. Although the workers' compensation scheme is heavily regulated, past versions of KRS 342.730(4) have allowed a benefit recipient to receive benefits for life. In fact, the 1994 version of the statute would have allowed Coffey to receive benefits for life, although they were subject to reduction from time to time. The current version terminates benefits once Coffey reaches 70 years of age.

> The second stage of the . . . analysis involves a determination of whether the newly-imposed conditions that impair the contract can be justified by a significant and legitimate public purpose. Among the purposes that justify such impairment is legislation aimed at the remedying of a broad and general social or economic problem.

*Id.* at 371 (citations omitted). Significantly, the Kentucky Supreme Court found that limiting the duration of benefits is justified by a legitimate public purpose. The Court concluded that limiting the duration of benefits solves two economic problems: "(1) it prevents duplication of benefits; and (2) it results in savings for the workers' compensation system." *Parker v. Webster County Coal, LLC (Dotiki Mine)*, 529 S.W.3d 759, 768 (Ky. 2017). This is evident from the fact that a duration limitation of benefits has been in effect in Kentucky since the 1996 version of KRS 342.730(4).

> The third stage of the . . . analysis examines whether the adjustment of "the rights and responsibilities of contracting parties [is based] upon reasonable conditions and [is] of a character appropriate to the public purpose justifying [the legislation's] adoption." Analysis under this prong varies depending upon whether the State is a party to the contract. When the State itself is not a contracting party, "[a]s is customary in reviewing economic and social regulation, . . . courts properly defer to legislative judgment as to the necessity and reasonableness of a particular measure."

*Maze*, 559 S.W.3d at 372 (citations omitted). The contracts at issue here are not between individuals and the state, but between an employee, an employer, and a workers' compensation insurance provider. We, therefore, defer to the judgment of the legislature.

We believe retroactive application of KRS 342.730(4) is reasonable and appropriate. As previously stated, limiting the duration of benefits has been a

part of the workers' compensation system since 1996. *Parker*, *supra*, found the particular manner of limitation which applied at that time to be unconstitutional. The Kentucky Legislature had to act quickly to return the workers' compensation system to the status quo. Had the legislature not acted so, employees with pending workers' compensation claims between the rendering of *Parker* and the effective date of the current version of KRS 342.730(4) could have claimed entitlement to some amount of benefits for life. This would have placed a great financial burden on the workers' compensation system, employers, and insurers. *Holcim v. Swinford* holds that the Kentucky Legislature specifically intended that the current version of KRS 342.730(4) apply retroactively. 581 S.W.3d at 44. And this Court is bound by that decision. *Crittenden County Fiscal Court v. Hodge*, 591 S.W.3d 424, 426 (Ky. App. 2019). Consequently, the statute's limitation as to duration applies to Coffey.

Coffey makes one additional argument challenging the constitutionality of the statute, which has also been addressed previously by this Court. She contends the age limitation is unconstitutional.

This issue is currently pending before the Kentucky Supreme Court as a matter of right appeal from this Court's decision in *Donathan v. Town and Country Food Mart*, No. 2018-CA-001371-WC, 2019 WL 6998653, (Ky. App.

Dec. 20, 2019). In that case, this Court applied the rational basis test to the statute and concluded the statute was constitutional. We held as follows:

> The legislators enacted this version in response to *Parker*. We are also cognizant of the strong presumption of constitutionality afforded to legislative acts. *Brooks v. Island Creek Coal Co*., 678 S.W.2d 791, 792 (Ky. App. 1984) (citations omitted). Accordingly, we find the statute, as enacted, does not treat similarly situated persons differently. The statute allows for the benefits to terminate upon reaching the age of 70, or four years after the employee's injury, whichever occurs last. This stipulation rationally relates to the government's basis for the legislation – to save taxpayer dollars allocated to the workers' compensation system. It places a limit on the amount of benefits every person is awarded, not just a select group of individuals. Therefore, we find the statute constitutional.

*Id.* at *3. For these same reasons, we conclude the current version of KRS 342.730(4) is constitutional.

## CONCLUSION

Based on the foregoing, we affirm the Board's final opinion in this case.

ALL CONCUR.

BRIEF FOR APPELLANT:

Mark D. Knight
Somerset, Kentucky

BRIEF FOR APPELLEE:

Marcel Smith
Frankfort, Kentucky