# Hey v. Emerson.

(Decided March 15, 1911.)

## Appeal from Harrison Circuit Court.

1. Witnesses—Credibility—Question For Jury.—The credibility of the witnesses is for the jury, and the court will not set aside a verdict on the ground that it is against the evidence because the jury believed one witness rather than another.

2. Witness From Another State—Compelling Attendance.—The court is without power to compel the personal attendance of a witness from another State, and may properly decline to enter an order to that effect.

J. S. OSBORNE for appellant.

M. S. SWINFORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Benjamin Hey had a string of horses; Frank Emerson was the manager for the horses in the year 1909, and brought this suit against Hey to recover his salary for the time he served Hey, and for money he had paid out for him, the whole amounting to $699.88. Hey filed an answer in which he alleged that Emerson had not cared for his horses in the proper manner, and that by his negligence he had caused the death of High Grade, one of the horses, which was worth $1,500, for which he prayed judgment against him. The case coming on for trial before a jury, there was a verdict for the plaintiff for the amount sued for. The court entered judgment on the verdict, and Hey appeals.

The chief question made on the appeal is that the verdict is palpably against the evidence, the result of passion and prejudice on the part of the jury. The evidence shows that the horse, High Grade, died while in Emerson's care; that he had some kidney trouble and that his lower bowels were in a very bad condition. An expert testified in substance that the lower bowels of the horse indicated that they had been scalded. Hey introduced three laborers who accompanied Emerson on the trip with the horses, and they testified that Emerson gave the horse an enema when he was taken sick, not long before the veterinary found his bowels in the condition referred to. On the other hand, Emerson testified that he did not give the horse the enema and was not present when it was given; that when the horse was taken sick, he went for a veterinary, and the enema was administered while he was gone. There was also testimony before the jury to the effect that if water hot enough to scald a horse's bowels, was administered in an enema, the horse would scringe and kick; and there was testimony by an expert to the effect that the horse died of a blood trouble. The witnesses for the plaintiff who testified to the enema being administered to the horse did not testify to any conduct by the horse at the time that would indicate mistreatment; and one of them on cross-examination is uncertain as to Emerson's being there. The jury who sees and hears the witnesses is the judge of their credibility, and we cannot say that the verdict is palpably against the evidence or should be disturbed here, because the jury believed one witness rather than two others.

The defendant moved the court to make an order requiring the personal attendance of A. F. Nelson, of Lebanon, Indiana, as a witness on his behalf. The court overruled the motion, and of this he complains. The witness was not within the jurisdiction of the court. If the court had ordered his personal attendance he could not have enforced the order. Section 556, of the Code, provides:

"Upon the affidavit of a party, and the written statement of his attorney, that the testimony of a witness is important, and that the just and proper effect of his testimony can not in a reasonable degree be obtained without an oral examination in court, the court may, at its discretion, order the personal attendance of the witness to be coerced, although such witness may otherwise be exempt from personal attendance by the provisions of this Code."

This section applies to witnesses within the jurisdiction of the court; it has no application to witnesses without the jurisdiction of the court, whom the court is without power to compel to attend the trial. The circuit court, therefore, properly overruled the motion.

Judgment affirmed.