DEPARTMENT FOR NATURAL RE-
SOURCES AND ENVIRONMEN-
TAL PROTECTION, Appellant,

v.

STEARNS COAL AND LUMBER
COMPANY, Appellee.

STEARNS COAL AND LUMBER
COMPANY, Petitioner,

v.

DEPARTMENT FOR NATURAL RE-
SOURCES AND ENVIRONMENTAL
PROTECTION, Respondent.

Supreme Court of Kentucky.

March 14, 1978.

Alan L. Harrington, Robert Stephens, Atty. Gen., Frankfort, for Department for Natural Resources and Environmental Protection.

Ben B. Fowler and William H. Gorin, Stites, McElwain & Fowler, Frankfort, for Stearns Coal Co.

LUKOWSKY, Justice.

In 1937 Stearns Coal and Lumber Company conveyed to the United States of America the surface estate in a tract of land located within the area designated as the Daniel Boone National Forest. On July 16, 1976, Stearns applied to the Department for Natural Resources and Environmental Protection for a strip mine permit to mine a nineteen acre tract, fifteen acres of which were subject to the 1937 conveyance. The Department denied the application relying

on KRS 350.085(3) and (4), interpreting these provisions to prohibit the issuance of permits to strip mine on public property.[1] Stearns appealed to the Franklin Circuit Court which ordered the Department to issue the permit. The Department appealed the judgment of the Circuit Court to the Court of Appeals and obtained a stay of that judgment pending appeal. Stearns filed with this court a motion to vacate the stay order and to transfer the Department's appeal from the Court of Appeals to this court. We granted the transfer and consolidated the two cases for argument. We shall dispose of the case on the merits, therefore, it is unnecessary to address the motion to vacate.

Many issues have been raised by counsel, but we shall consider only those appropriate and necessary to a disposition of this case on its peculiar facts.

## I

The Department, in its order denying the application for a permit, expressed one reason for its action. It determined that land held by the United States is public land under KRS 350.085(3) and (4) and that, consequently, no permit could be issued to strip mine the property described in the application.[2] In its memorandum submitted to the Circuit Court and in its brief to this court the Department seeks to justify its action upon a ground not formulated and expressed in its original order. It claims that Stearns can not receive a permit because it has no legal right to strip mine the property described in the application. The Department asserts that the deed of conveyance did not reserve the equivalent of a broad form deed under Kentucky law and, therefore, it argues that Stearns does not have the right to strip mine. The Circuit Court also addressed this question but resolved it favorably to Stearns in the process of holding that the estate of the United States was not public property within the meaning of KRS 350.085.[3]

The Department's effort to support its action with a reason not relied upon in the original record is a form of boot-

---

1. The order reads in part:
   "This denial is issued upon the following reasons:
   1. Fourteen to fifteen acres of the nineteen acre tract proposed to be mined by applicant is owned by the United States Government and as such is public property within the meaning of KRS 350.085(3) and KRS 350.085(4).
   2. KRS 350.085(3) and KRS 350.085(4) prohibits [sic] the issuance of this permit.
   3. The judgment and Opinion of the Franklin Circuit Court in *Greenwood Land and Mining Company v. Department for Natural Resources and Environmental Protection.* Civil Action No. 86298 (attached hereto and incorporated herein by reference as Exhibit "A"), prohibits the issuance of a strip mine permit on this public property.
   4. The Department is without power to issue a strip mine permit on publicly owned property which, in the present matter, is located in the Daniel Boone National Forest, and title to which is held by the United States of America.
   WHEREFORE, the application for a strip mine permit is hereby denied."
2. The Department reasoned that because it could not issue a permit to mine if the activity constituted a hazard to public property, KRS 350.085(3), and that because it could not issue a permit to mine within 100 feet of public property, KRS 350.085(4), then by implication it could issue no permit to mine on public property.

3. ". . . If it is public property at all it must be clothed with that mantle by the deed of conveyance between Stearns and the United States. That deed, effective December 13, 1937, conveys the surface to the Grantee subject to the exceptions and reservations set forth therein.
   In this Commonwealth it has long been settled that the mineral estate is dominant and the surface estate subservient. The mineral owner may make such use of the surface as is necessary to extract the minerals. The mineral estate is a limitation on the right of the surface owner. In fact, the surface owner has no right except that which would not be inconsistent with mineral owner's right to extract the minerals.
   Here the rights acquired by the United States extend only to that degree which does not interfere with Stearns' right to remove minerals. The use of the surface in extracting minerals is not an invasion of property right, because that right has been reserved and never relinquished by the Grantor. It follows that the surface estate owned by the United States is not public property within the meaning of KRS 350.085(3) and (4)."

strapping which is at best questionable appellate practice. In any event, a consideration of the effect of the conveyance to the United States by Stearns has no place in this proceeding.[4] The criteria for the denial of a permit have been clearly spelled out by the legislature in KRS 350.085. The language of the statute simply will not support the position that the Department is empowered to adjudicate the validity of the applicant's claim of a right to strip mine the property described in the application. It is fundamental that administrative agencies are creatures of statute and must find within the statute warrant for the exercise of any authority which they claim. 1 Am. Jur.2d, Administrative Law, Sec. 70 (1962). The Department can neither add to the requirements established by the legislature for the issuance of a permit nor can it exercise authority not vested in it. See, *Johnson v. Correll*, Ky., 332 S.W.2d 843 (1960); *Robertson v. Schein*, 305 Ky. 528, 204 S.W.2d 954 (1947); *Bloemer v. Turner*, 281 Ky. 832, 137 S.W.2d 387 (1940). Therefore, the interpretation of the 1937 deed is irrelevant to the determination of the real issue presented by this case, i. e., did the Department act properly in denying Stearns' application because of the prohibition against strip mining on public property contained in KRS 350.085(3) and (4).

## II

Stearns contends that the prohibition against strip mining is an abuse of the police power because there is no rational relationship between the purpose of the law and the prohibition. Stearns asserts that the prohibition constitutes a taking of property without just compensation in violation of the 5th and 14th amendments of the federal constitution and section 13 of the Kentucky constitution.

■ The state may in the valid exercise of its police power incidentally restrict the property rights of individuals for the common good without payment. Yet the state is limited in the proper use of its power. The crux of that limitation is the notion that the action taken must bear a real and substantial relationship to the public health, safety, morality or some other phase of the general welfare. *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922); *Department for Natural Resources and Environmental Protection v. No. 8 Limited of Virginia*, Ky., 528 S.W.2d 684 (1975). To address this issue the purpose of the legislation and the policy behind it must be examined. These considerations were clearly expressed by the General Assembly in KRS 350.020. The legislature determined that unregulated strip mining conducted with no regard for its effect upon the land constitutes a litany of hazards to the environment, resources and the people of the Commonwealth. In response to this situation it established a set of rules governing mining activity to minimize these adverse effects and entrusted to the Department the task of enforcement. Therefore any action taken pursuant to the strip mining legislation must stand as an environmental conservation measure. *Department for Natural Resources and Environmental Protection v. No. 8 Limited of Virginia, supra.*

■ The legal imagination may not be stretched to say that the environmental impact of strip mining is substantially related to the identity of the parties owning the surface estate. The fact that the federal government holds an interest in this parcel of land has nothing to do with the purpose of the act or the public health, safety, morality or general welfare. The denial of Stearns' application for this reason is arbitrary and can not stand as a valid exercise of the police power. To this extent the denial of the permit takes the property of Stearns without compensation and it is a violation of both the federal and state constitutions. *Commonwealth ex rel. D. N. R. and E. P. v. Stephens*, Ky., 539 S.W.2d 303 (1976); *Department for Natural Resources*

---

4. The United States is not without remedy. If it doubts that Stearns reserved the right to strip mine in its deed, its courts and ours are open to adjudicate that question between them. See 28 U.S.C., Sec. 1345; *Commerce Union Bank v. Kinkade*, Ky., 540 S.W.2d 861 (1976).

*and Environmental Protection v. No. 8 Limited of Virginia, supra;  Pennsylvania Coal Co. v. Mahon, supra.*

The judgment is affirmed.

All concur.