Muriel J. SMITH, Appellant,

v.

NATURAL RESOURCES AND ENVI-
RONMENTAL PROTECTION CABI-
NET, Commonwealth of Kentucky, Ap-
pellee.

Court of Appeals of Kentucky.

April 18, 1986.

As Modified on Denial of Rehearing
July 18, 1986.

Thomas J. Fitzgerald, Frankfort, for ap-
pellant.

Iris S. Nickell, Frankfort, for appellee.

Before HAYES, C.J., and HOWERTON
and McDONALD, JJ.

McDONALD, Judge:

The question in this appeal is whether
the Natural Resources and Environmental
Protection Cabinet erred in denying a for-
mal administrative hearing to the occupant
and co-owner of a home who did not exe-

cute a waiver permitting surface coal mining operations within 300 feet of her home. KRS 350.085(3). The hearing was requested by the appellant to review the cabinet's decision not to take inspection and enforcement action. We hold the circuit court's decision affirming the cabinet's order to be clearly erroneous. Therefore, we reverse.

On June 15, 1982, Smith Brothers Coal Company obtained the written consent of Brownlow Smith to conduct surface coal mining operations within 300 feet of a house co-owned by Brownlow and his ex-wife, Muriel Smith, who was the sole occupant of the house. On July 15, 1982, the cabinet issued a surface disturbance permit to Smith Brothers Coal Company. Shortly thereafter, the coal company constructed a sedimentation pond within 100 feet of the Smith home near Dice, Perry County, Kentucky. The Smiths' decree of dissolution, entered April 17, 1981, gave Muriel exclusive possession of the house and lot they jointly owned.

On September 23, 1982, Muriel Smith filed a written request for inspection with the cabinet alleging a violation of KRS 350.085(3) and 405 Kentucky Administrative Regulations (KAR) 1:050 Section 6(4), because the coal company was conducting its mining operation without her written consent. On September 24, 1982, the cabinet declined to take enforcement action. The appellant then sought a formal administrative hearing before the cabinet to determine whether the waiver executed by Mr. Smith was sufficient and whether the cabinet had acted properly in refusing to take enforcement action.

On November 18, 1982, the cabinet rejected the appellant's request for a hearing stating that "this Cabinet has no jurisdiction to adjudicate property rights." Next, the appellant sought and was granted a writ of mandamus from Perry Circuit Court directing the cabinet to hold a hearing. The cabinet moved to dismiss the hearing, and on July 27, 1984, the secretary of the cabinet dismissed the petition on jurisdictional grounds. On appeal to the circuit court, summary judgment was granted in favor of the cabinet. The circuit court held that a hearing before the cabinet would have required the cabinet to adjudicate private property rights, over which it has no jurisdiction. This appeal followed.

█ The question which the appellant sought unsuccessfully to have addressed is whether the nonoccupant/co-owner of a dwelling may execute a waiver that is sufficient under KRS 350.085(3) to deprive the occupant/co-owner of the protections intended to be afforded under the state and federal statutes. KRS 350.085(3) provides as follows:

(3) Subject to valid existing rights no surface coal mining operations except those which existed on or before August 4, 1977, shall be permitted within three hundred (300) feet from any occupied dwelling unless waived *by the owner thereof* .... [Emphasis added.]

The issue before this court is whether the appellant was entitled to have this question addressed by the cabinet and whether she proceeded properly. We hold she was erroneously denied administrative review.

The appellant, believing the permit and waiver it was based on constituted a violation of KRS Chapter 350, made a citizen's request for an inspection pursuant to 405 KAR 12:030 Section 2(3). The Cabinet argues that the appellant should have proceeded under KRS 224.081(2), which requires that any person aggrieved by the issuance of any order or the making of any determination (including but not limited to a permit) may demand a hearing. However, the right to demand a hearing "is limited to a period of thirty (30) days after the petitioner has had actual notice of the order or determination complained of, or could reasonably have had such notice." The permit was issued July 15, 1982. The citizen's request for an inspection was filed September 23, 1982. The record does not reveal when the appellant became aware that a waiver had been executed by her exhusband, or when she realized a permit had been issued. We are not told when the coal company began operations, although the appellant says the silt pond was re-

moved in 1983 as a result of federal enforcement action.

■ The cabinet's approach in this matter is seriously flawed. Its "hands off" policy of noninvolvement is in direct conflict with the spirit of Chapter 350, which provides in KRS 350.020:

> ... [I]t is the purpose of this chapter to provide such regulation and control of surface coal mining operations as to minimize or prevent injurious effects on the people and resources of the Commonwealth. To that end, the cabinet is directed to rigidly enforce this chapter and to adopt whatever regulations are found necessary to accomplish the purpose of this chapter.

The waiver required by KRS 350.085(3) is obviously intended to protect the person(s) who will be most affected by the surface mining. This will usually be the owner. However, in this case the signature on the waiver was that of an absentee co-owner who under the decree of dissolution could be excluded by the appellant from entry onto the subject property. Furthermore, it would have been easy to determine who the owner/occupant was.

■ The cabinet's second reason for denying the appellant administrative review is that the cabinet does not have jurisdiction to adjudicate private property disputes. *Dept. for Natural Resources v. Stearns Coal*, Ky., 563 S.W.2d 471 (1978). The cabinet says the appellant's request for an administrative hearing would have required the cabinet to determine the respective property rights of joint tenants. The appellant argues that this is not a question of adjudicating property rights but a question of adequate compliance with a statutory provision, KRS 350.085(3). We agree. In *Stearns*, the court restated a fundamental rule of administrative law: "It is fundamental that administrative agencies are creatures of statute and must find within the statute warrant for the exercise of any authority which they claim." (Citations omitted.) *Id.* at 473. The court held that KRS 350.085 did not grant the agency the authority to adjudicate the validity of the

applicant's claim of a right to strip mine under a deed from the applicant, Stearns Coal and Lumber Company, to the United States.

■ However, there is statutory authority for the cabinet to make a determination of whether the waiver of an absentee co-owner is sufficient under KRS 350.850(3). We agree with the appellant that to hold otherwise would "gut the protection of KRS 350.085(3)." We are also not persuaded that this issue is now moot. *United States v. W.T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). We, therefore, reverse the judgment of the Franklin Circuit Court and hold that a waiver of a non-occupant co-owner of a dwelling is not sufficient as a matter of law to satisfy KRS 350.085(3).

■ The appellant requests that this Court award her costs and expenses, including attorneys' fees, pursuant to KRS 350.465(2)(d). Any person who participates in a proceeding pursuant to 405 KAR 7:090 which results in a final order of the cabinet may file a petition for costs, expenses and attorneys' fees. 405 KAR 7:090 Section 13. However, the petition must be filed with the cabinet within 45 days of receipt of the final order or may be deemed to have been waived. The record in this case does not contain any record before the cabinet; therefore, we are unable to determine if a petition for costs and fees was filed within the time specified. Because the appellant was entitled to file a petition pursuant to 405 KAR 7:090 Section 13(5)(b), we direct the cabinet to consider such petition.

For the foregoing reasons, the judgment of the Franklin Circuit Court is reversed and this case is remanded for proceedings concerning appellant's costs consistent with this opinion.

All concur.