Galen **MARTIN**, Executive Director of The Kentucky Commission on Human Rights, Appellant,

v.

**COMMONWEALTH** of Kentucky, PER-SONNEL BOARD and Philip Taliaferro, Chairman; James S. Way, Vice-Chairman; J. Edgar Deshazer, Board Member; Harry Jones, Board Member; Robert A. Walsburger, Board Member; James I. Terry, Board Member; Jo Etta Wycliffe, Board Member; and Arthur Hatterick, Jr., Executive Director/Secretary, Appellees.

Court of Appeals of Kentucky.

June 20, 1986.

Oliver H. Barber, Jr., Gittleman & Barber, Louisville, for appellant.

Steven G. Bolton, Frankfort, for appellees.

Before COMBS, LESTER and REYNOLDS, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Franklin Circuit Court, ruling that the Executive Director of the Kentucky Commission on Human Rights [Commission] was not a real party in interest in a proceeding

brought by Commission employees before the Personnel Board.

In October of 1984, a group of Commission employees filed an appeal with the Kentucky Personnel Board [Board] seeking relief under KRS 18A.095(1) from certain on-going discriminatory practices of their employer. The statute grants an aggrieved employee the right to Board review of his "dismissal, demotion, suspension or other form of penalization" and provides that "both the appealing employee and *the appointing authority whose action is reviewed shall have the right to be heard publicly and to be represented by counsel ....*" [Emphasis added]. *Id.*

Although the Commission was a named party to the appeal, the Commission's Executive Director, appellant in this action, filed a motion to be recognized as a named party in the proceeding. Appellant reasoned that he qualified as the KRS 18A.095(1) "appointing authority" by virtue of his position as Executive Director of the commission.

On November 21, 1984, the Board overruled appellant's motions. Appellant did not appeal that ruling. Instead, he brought this action for declaratory and injunctive relief in the Franklin Circuit Court, alleging that he was the appointing authority within the meaning of the statute and should have been a named party in the employee-commission appeal.

On appellees' motion to dismiss, the lower court concluded that KRS Chapter 344 vests the discretionary authority to employ personnel in the Kentucky Commission on Human Rights as a whole and does not authorize the Commission to delegate that authority to its Executive Director. The lower court ruled that only the Commission qualifies as the KRS 18A.095(1) "appointing authority" and held that appellant was not a real party in interest in the Board proceeding.

Appellant does not expressly attack the lower court's judgment on appeal, but asks this court to "void, ab initio, the proceedings of the Personnel Board in the case of *Gwenetta L. Haywood v. Kentucky Commission on Human Rights.*" We remind appellant that he is not a party to that

proceeding and that case is not before this Court. Therefore, we view this appeal as challenging the lower court's opinion and judgment which dismissed appellant's declaratory judgment action.

Once again, appellant argues that he has the statutory right to participate in the Board proceeding because he is the appointing authority within the meaning of KRS 18A.095(1). In the alternative, appellant argues that the Commission delegated personnel matters to its Executive Director, making him the appointing authority.

In our opinion, Franklin Circuit Judge Ray Corns did an excellent job of deciding these very same issues, and our opinion in this case mirrors his thinking. "Appointing authority" is not specifically defined in KRS Chapter 18A. However, the term "appointing officer" is synonymous with "appointing authority" and is specifically defined in KRS 18A.005(1) as "the officer or employee or group of officers or employees authorized by law to make appointments."

The term "appointing authority" is further defined by 101 KAR 1:010, § 1(6) as:

"Appointing authority" means the agency head or any person formally designated by him who is authorized to act on behalf of the agency with respect to employee appointments, position establishments, payroll documents, registered requests, waiver requests, requests for certification, position actions, dismissals, suspensions, layoffs and disciplinary actions. Such designations shall be signed by the agency head and by the designee and shall be filed with the Commissioner of Personnel prior to exercise of the delegated authority by the designee....

In this case, the Kentucky Commission on Human Rights is a statutorily created body with specifically designated powers and duties. Within the provisions of KRS 344.180 and 344.190, the Commission and only the Commission has the power to "appoint an Executive Director, attorneys, hearing examiners, clerks, *and other employees* and agents as it may deem necessary....*" [Emphasis added.] KRS Chap-

ter 344 does not authorize the Commission to delegate its discretionary authority to employ personnel to its Executive Director. Therefore, only the Commission fits within the legal definition of "appointing officer" and "appointing authority".

██ Even if the Commission tried to delegate its discretionary authority to appellant, such a delegation would be invalid as a regulatory attempt to alter or enlarge the terms of KRS Chapter 344. *See Kentucky Alcoholic Beverage Control Board v. Anheuser-Busch, Inc.,* Ky.App., 574 S.W.2d 344 (1978). *See also* 2 Am.Jur.2d *Administrative Law,* § 221 (1962). We agree with the lower court's conclusion that appellant was not an "appointing authority" as a matter of law, and was therefore not a real party in interest in the proceeding before the Personnel Board.

██ Finally, appellee urges us to dismiss this appeal as moot. After appellant brought this action, the Board issued a final order in the underlying case of *Gwenetta L. Haywood v. Kentucky Commission on Human Rights,* and the Commission publicly announced its decision not to appeal that order. Appellee contends we should not decide the merits of this appeal because there is no longer an existing case or controversy which injures appellant personally. *See Veith v. City of Louisville,* Ky., 355 S.W.2d 295 (1962).

Appellee correctly points out that the underlying case is now finally decided on the merits. However, a controversy still exists between appellant and the Kentucky Commission on Human Rights as to the extent of his authority. In *Dravo v. Liberty National Bank & Trust Company,* Ky., 267 S.W.2d 95 (1954), the court discussed conditions which should guide the judiciary in deciding declaratory judgment actions, as follows:

> The criterion that should govern the courts is not that there is a present controversy but a justiciable controversy over present rights, duties or liabilities. This is so although the effect of the judgment is prospective. A declaration in such a case is not only expedient but is just, and is within the design and purview of the statute. *Id.* at 97.

In our opinion, the dispute between appellant and the Kentucky Commission on Human Rights is exactly the sort of "justiciable controversy over present rights, duties or liabilities" which warrants a final decision on the merits.

The judgment of the Franklin Circuit Court is affirmed.