Carroll M. CURTIS, Appellant,

v.

BELDEN ELECTRONIC WIRE AND CA-
BLE, A DIVISION OF COOPER IN-
DUSTRIES, INC., and Kentucky Com-
mission on Human Rights, Appellees.

No. 87–CA–1893–MR.

Court of Appeals of Kentucky.

Aug. 12, 1988.

Discretionary Review Denied
by Supreme Court
Dec. 7, 1988.

Eddie C. Lovelace, Lovelace & Rogers, Albany, for appellant.

Debra H. Dawahare, Wyatt, Tarrant & Combs, Lexington, for appellee, Belden Electronic Wire and Cable, a Div. of Cooper Industries, Inc.

Thomas A. Ebendorf, Angela D. Koshewa, Louisville, for appellee, Kentucky Com'n on Human Rights.

Before COMBS, McDONALD and WEST, JJ.

COMBS, Judge.

This is an appeal from an order of the Wayne Circuit Court which dismissed a petition for review of a decision of appellee, Kentucky Commission on Human Rights (Commission). The Commission's order dismissed the complaint of appellant, Carroll M. Curtis, after finding that there was no probable cause to substantiate appellant's claim that appellee, Belden Electronic Wire and Cable Corporation (Belden) had terminated his employment due to his age, which is prohibited discrimination under KRS 344.040(1) of Kentucky's Civil Rights Act.

Appellant began working for Belden October 22, 1973. The effective date of his termination was June 30, 1985. Appellant entered into a contract of waiver with Belden on June 4, 1985, whereby he agreed to not file any action for age discrimination in return for Belden's consideration of sixteen weeks severance pay and continued insurance coverage under Belden's group plan for the same time period.

Appellant filed a complaint with the Commission November 29, 1985, alleging that Belden had unlawfully discharged him due to his age. He was fifty-three years old at the time of his discharge. The Commission entered its order dismissing appellant's complaint on June 24, 1986.

Appellant timely filed a complaint in the Wayne Circuit Court on July 24, 1986, seeking judicial review of the Commission's order. That court dismissed the complaint. The bases of the trial court's dismissal of appellant's complaint are that, contrary to appellant's assertions, the Commission is not required to make findings of fact when their order is a dismissal for want of probable cause, and the appellant failed to exhaust his administrative remedies for not filing an application for reconsideration with the Commission.

The first issue on appeal concerns the waiver agreement between appellant and Belden. Belden argues that appellant was precluded from bringing the action before the Commission or the courts because he knowingly and voluntarily executed the waiver of his right to do so in return for valuable consideration. Belden incorrectly argues that the trial court held that the waiver is a valid and binding contract which should be enforced. The trial court did not so hold, and dismissed the complaint for the reasons we earlier stated. However, since the issue was argued below, and is argued now, we shall consider it.

We agree with Belden that the waiver was a binding contract. It is also indisputable that when appellant filed his action for age discrimination he placed himself in breach of the contract. Nevertheless, Belden's remedy for the breach should have been an original action or counterclaim for recovery of damages incurred as a result of the breach. Appellant still had a statutory right to file his civil rights action, although his doing so subjected him to a suit for breach of contract. *See Duff v. Chaney*, 291 Ky. 308, 164 S.W.2d 483 (1942).

Appellant argued below and on appeal that the trial court erred by not finding that the Commission had violated KRS 344.200(2). That statute requires the Commission to make a determination within thirty days from the date a complaint is filed whether there is probable cause to

believe an employer has engaged in an unlawful practice. It is true that the Commission failed in appellant's case to do this within thirty days.

Appellant also argues that the trial court erred by not finding that the Commission had violated KRS 344.230(1) by not making findings of fact which are required by that statute.

■ Appellant concludes that the trial court erred by not finding that the Commission acted in excess of its powers by not rendering its order for two hundred and six days after the complaint was filed, and that the Commission's order was clearly erroneous because it was not accompanied by any findings of fact.

Here we note that the Commission and Belden entered into a so-called waiver agreement on June 7, 1986, whereby they agreed to waive "the statutory time limit for conclusion of conciliation and service of the notice of hearing on the respondent." The Commission and Belden agreed to extend that statutory time frame. Appellant was not notified of this agreement, and did not sign it. He argues that the appellees have no authority to extend the statutory time frame, and we could not agree more.

■ Administrative agencies are creatures of statute, and as such the statute must warrant any exercise of authority which they claim. *Dep't for Natural Resources and Environmental Protection v. Stearns Coal & Lumber Co.*, Ky., 563 S.W. 2d 471 (1978). An administrative agency cannot, by its rules and regulations, amend, alter, enlarge, or limit the terms of a legislative enactment. *Roppel v. Shearer*, Ky., 321 S.W.2d 36 (1959); *See also: Martin v. Comm. of Kentucky, Personnel Board*, Ky.App., 711 S.W.2d 866 (1986). We hold, *a fortiori*, that an administrative agency cannot enlarge statutorily prescribed time frames by an informal agreement with the parties before it.

■ However, we cannot agree with the appellant that the trial court erred by not recognizing substantial error on the part of the Commission for its failure to complete its investigation and enter its order within the statutory time frame. The Civil Rights Act also provides a remedy for this delay, found at KRS 344.240(3). That section states that

If the commission has failed to schedule a hearing in accordance with subsection (1) of KRS 344.210 or has failed to issue an order within one hundred eighty (180) days after the complaint is filed, the complainant, respondent, attorney general, or an intervenor may petition the circuit court in a county in which the alleged unlawful practice set forth in the complaint occurs or in which the petitioner resides or has his principal place of business for an order directing the commission to take such action.

Appellant failed to take advantage of this statutory provision after one hundred and eighty days. Appellant argues that his having done so would have saved twenty-six days at the most. We understand that, but this is the course of action that the legislature has enacted for cases of delay, and we must abide by the act of the legislature just as much as the appellant should have.

■ We do not agree with the appellant that the trial court erred by not recognizing that the Commission should have accompanied its order of dismissal with findings of fact. The order dismissed the complaint as a result of the commission's determination that there was no probable cause to believe that Belden had engaged in unlawful practices. KRS 344.200(2) does not require findings of fact when complaints are dismissed at this early stage of the proceedings. Conversely, if the Commission finds probable cause and conducts a hearing, then it is required to issue findings of fact under KRS 344.230. The trial court correctly resolved this issue.

The second ground of the trial court's dismissal of appellant's complaint is that he failed to file an application for reconsideration pursuant to KRS 344.200(3), and therefore failed to exhaust his administrative remedies. We disagree with the trial court and Belden, and hold that an application for reconsideration of the Commission's order is not a prerequisite to seeking judicial

review of that order. A careful reading of the applicable statutes can lead to no other conclusion.

KRS 344.200(2) in part provides:

If it is determined that there is no probable cause to believe that the respondent has engaged in an unlawful practice, the commission shall issue an *order dismissing the complaint.* ... [Emphasis court's.]

KRS 344.200(3) in part provides:

The complainant, within ten (10) days after receiving a copy of the *order dismissing the complaint,* may file with the commission an application for reconsideration of the order. [Emphasis court's.]

KRS 344.240(1) in part provides:

A complainant, respondent, or intervenor aggrieved by an order of the commission, including an *order dismissing a complaint* or stating the terms of a conciliation agreement, *may obtain judicial review.* [Emphasis court's.]

 The trial court held, and Belden argues, that the permissiveness of the statute allowing an aggrieved complainant to apply for reconsideration does not mean that it is unnecessary to do so in order to exhaust administrative remedies, but only that the complainant is not compelled to apply, and is free to abandon the complaint after the order dismissing. They refer to *Eaton Axle Corporation v. Nally,* Ky., 688 S.W.2d 334 (1985). The Kentucky Supreme Court in that case held that a party aggrieved by an order of the Worker's Compensation Board must exhaust his or her administrative remedies by filing a petition for reconsideration under KRS 342.281 before seeking judicial review. That decision was followed by this Court in *Cal Glo Coal Co. v. Mahan,* Ky.App., 729 S.W.2d 455 (1987). These cases are distinguishable from the case at bar because they concern KRS Chapter 342, Worker's Compensation, and not KRS Chapter 344, Civil Rights. Moreover, following the legislature's broadsweeping reform of our Commonwealth's worker's compensation statutes, enacted subsequent to *Nally* and *Mahan,* the authority of those decisions is reason-

ably doubtful. It was therefore error for the trial court to conclude that appellant could not seek judicial review for his not applying for reconsideration. Chapter 344 says otherwise.

Appellant has not articulated any other arguments against the decision of the Commission other than the procedural ones here resolved. We find nothing in the record demonstrating that the Commission's actions were arbitrary or capricious, and find no error of law that would call for reversal of the order.

The order of the Wayne Circuit Court is affirmed.

All concur.