HUMANA, INC., Appellant

v.

Colleen BLOSE, Appellee.

No. 2006–SC–000783–DG.

Supreme Court of Kentucky.

March 20, 2008.

Brent R. Baughman, Craig Peter Siegenthaler, Greenebaum Doll & McDonald, PLLC, Louisville, KY, Counsel for Appellant.

Callie E Walton, Helmer, Demuth & Walton, PLC, Louisville, KY, Counsel for Appellee.

Barbara B. Edelman, Alexander J. Moeser, Dinsmore, Shohl, LLP, Lexington, KY, Counsel for Amicus Curiae.

OPINION of the Court by Justice SCOTT.

■ We granted limited discretionary review of the opinion of the Court of Appeals, which, on remand, directed the trial court to follow the guidelines set out in *Curtis v. Belden Electronic Wire and Cable, a Div. of Cooper Industries, Inc.,* 760 S.W.2d 97, 98 (Ky.App.1988), to the effect that the remedy for a breach of a release and waiver of a statutory right is "an original action or counterclaim for recovery of damages incurred as a result of the breach," rather than the dismissal of the statutory action. *Id.* We granted the review on grounds that this holding appeared to contradict this Court's holdings in *Frear v. P.T.A. Industries,* 103 S.W.3d 99 (Ky.2003) (a release agreement is enforceable to extinguish a cause of action) and *American General Life & Acc. Ins. Co. v. Hall,* 74 S.W.3d 688 (Ky.2002) (citizens may waive statutory civil rights claims). Having held that such a statutory right may be waived in *American General,* we now reverse the contrary opinion of the

Court of Appeals and *Curtis*, to the extent it holds otherwise.[1]

### Facts

Appellee, Ms. Blose, suffers physically and emotionally from cerebral-palsy. The disease restricts her physical movement; thus she has always been required to use crutches to walk and maintain her balance. She was employed by Appellant, Humana, from January 3, 1995, to January 5, 2001. Her employment, however, was terminated on January 5, 2001, due to an alleged overall department reduction in force. As a result, she was given twelve (12) weeks severance pay and twelve (12) weeks continuation of health and dental insurance benefits. In return, she executed a release and agreement hereinafter, (agreement) which provided, in part:

> [t]hat the above [severance pay and payment for insurance] is accepted in full and final release in settlement of any and all claims of any type related to your employment or separation from employment which you may have against Humana or any of its officers, agents, employees or affiants. You agree to bring no lawsuits, claims, demands, or charges of any kind, whether in tort or contract, or pursuant to any Federal, State or local ordinance or statute, relating to your employment or to your separation from employment.

Several years later, on September 30, 2004, Ms. Blose filed an action against Appellant in the Jefferson Circuit Court, alleging (1) disability discrimination, (2) violation of KRS Chapter 344, and (3) outrageous conduct. In her complaint, Ms. Blose alleges that she was constantly harassed, intimidated, and otherwise treated outrageously. The harassment included, but was not limited to, being pushed down the hallway, and having her crutches kicked out from under her, or stolen while on the job. She further alleged she was denied work and forced into tears by her supervisors and co-workers' harassment; that she had paperwork removed from her desk such that she was forced to cross the room to retrieve the work, and at times, was required to kick her work across the room to turn it in to her supervisor or be denied credit for completing the work. She alleged that she constantly reported this mistreatment to her supervisor and Appellant's human resources department, but Appellant failed and refused to take any action to correct the harassment and/or discrimination. She also alleged that when Appellant closed the distribution department, it made positions available to the department's employees in other areas of the company, but refused to interview and/or hire her for any other position, telling her that she "should just go ahead and leave the building."

In response to Appellant's motion to dismiss or, in the alternative, motion for summary judgment on grounds of the executed agreement, she further alleged that the agreement was presented to her by Appellant's supervisor on the day of her termination, at a time when she was standing by her supervisor's desk, supporting herself on her crutches. Her supervisor flipped the document to the signature page and told her to sign it. She was instructed that she had to sign the paper immediately, notwithstanding that she was standing there balancing on crutches and did not have the time, or opportunity, to read the document before being forced to sign it.

---

1. For reasons that this was a limited grant of discretionary review affecting only that part of the opinion of the Court of Appeals discussed herein, the remaining portions of the Court of Appeals opinion remain valid and are binding as the law of the case between these parties. *Buckley v. Wilson,* 177 S.W.3d 778, 781 (Ky.2005).

She was told by the supervisor that the document that she was signing was a "confidentiality agreement." She was not allowed to keep the document.

According to Ms. Blose, she signed the document; however, she was not provided a copy, or given the original for further review. Consequently, she did not realize what she had signed until her current attorney received a copy of it from Appellant. It was not until this time that she became aware that the document was titled "Release and Agreement," as nothing about a "release" was ever mentioned to her. She was specifically told that if she did not sign the paper, she would not receive her last paycheck, or any payment from Appellant. At this point in time, she alleged she was under extreme duress and specifically relied upon the representations of Appellant that she would not get her final paycheck or benefits owed to her, if she did not sign. Moreover, other issues existed involving the opportunity to conduct discovery of the facts surrounding her execution of the "agreement" prior to the trial court's entry of the judgment granting Appellant's motions dismissing her action.

On appeal, the Court of Appeals, in its July 28, 2006 opinion, vacated the order and judgment, dismissing the action, and remanded it back to the circuit court for further proceeding, including the allowance of a sufficient time for Appellee to conduct discovery regarding the issues pending on Appellant's motions to dismiss and for summary judgment. This part of the Court of Appeals' opinion is not before us, nor is it affected by this opinion.

The opinion of the Court of Appeals further asserted, under the rationale of Curtis, that although a release may be

binding, one could not waive a statutory right. The appropriate remedy was thus concluded to be one for breach of the agreement through an additional original action, or counterclaim, and for recovery of any damages incurred as a result of the breach. We granted discretionary review on this remedy question only.

### Analysis

In its opinion, the Court of Appeals stated, "[i]n the present case, since the circuit court prematurely granted summary judgment, the validity of the Release and Agreement remains at issue. If, however, on remand the fact finder determines that the Release and Agreement is valid and ·enforceable, the circuit court must still apply the law as declared in Curtis." [2]

■ "Settlement agreements are a type of contract and therefore are governed by contract law." Frear, 103 S.W.3d at 105. Thus, as with other contracts, a release and agreement, or compromise settlement, is subject to impeachment if procured by fraud, bad faith, or false and fraudulent representations. 15A C.J.S. Compromise & Settlement § 53, at 142 (2002). Relief from such an agreement may also be had if the agreement was procured by duress. Id. at 141. Having recognized the issues still to come at the trial level, we now address and resolve the discrepancy between Curtis, American General, and Frear.

In American General, supra, this Court held that the litigant's selection of the Workers' Compensation administrative process, and subsequent acceptance of benefits thereunder, precluded her from bringing suit for the same injuries and disabilities under the Kentucky Civil

---

**2.** Referring to the Court's holding in Curtis, 760 S.W.2d 97, declaring that a valid waiver is an enforceable contract and thus precludes subsequent suit which would constitute breach.

Rights Act (KCRA), KRS 344 et seq. On appeal, the litigant asserted that for public policy reasons her pursuit and receipt of Workers' Compensation benefits should not preclude a statutory civil rights claim.

This Court disagreed in *American General*, to the effect that a court can terminate an employee's Federal Civil Rights lawsuit upon a finding that the employee is subject to a mandatory arbitration agreement which includes a provision waiving the right to sue in court. 74 S.W.3d at 693 (*citing Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)). We then pointed out that the federal courts have subsequently extended *Gilmer* to Title VII claims, "specifically holding that sexual harassment claims can be precluded by a knowing waiver by the offended employee. *E.g., Haskins v. Prudential Ins. Co. of America*, 230 F.3d 231, 236 (6th Cir.2000), *Prudential Ins. Co. of America v. Lai*, 42 F.3d 1299 (9th Cir.1994)." *Id.* (internal citations omitted). We also noted that "both constitutional and statutory rights inuring to the benefit of a criminal defendant are subject to a knowing and voluntary waiver." *Id.* Thus, we concluded that, "[w]e know of no reason why the same principle should not apply to the statutory right of an employee to sue his/her employer for a civil rights violation." *Id.*

Even before *American General*, we had held, "a release is a discharge of a claim or obligation and surrender of a claimant's right to prosecute a cause of action." *Frear*, 103 S.W.3d at 107. Thus, a "'release' extinguishes a claim or cause of action." *Id.*

Here, although the litigant's waiver in *American General* occurred because of the "taking of benefits," while Ms. Blose signed a release, the basic principle is the same, *if the* release is determined to be valid and enforceable. Thus, a release without duress, fraud, or bad faith, is effective to waive a plaintiff's right to bring a claim, whether statutory or otherwise. *Cf. American General*, 74 S.W.3d at 693; *see also Kirkwood v. Courier–Journal*, 858 S.W.2d 194, 197 (Ky.App.1993) ("[I]t is clear that an informed individual may waive a statutory civil right.") (*citing Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)). The release and waiver can be asserted as a defense, rather than a counterclaim.

Having concluded that *Curtis* is in conflict with *American General*, in regards to the effect of a valid release of a statutory right, *Curtis* is hereby overruled to such extent. Thus, the opinion of the Court of Appeals, to the extent it directs the trial court on remand to comply with the aforesaid directives of *Curtis*, is in error. For this reason, the opinion of the Court of Appeals, to such extent, is hereby reversed and this matter is hereby remanded to the trial court with directions to comply with this opinion and the remaining portions of the opinion of the Court of Appeals not inconsistent herewith.[3]

All sitting. All concur.

---

**3.** We have reviewed the other issues raised by Appellee, such as "Lack of Preservation" and the "Raising of New Issues," as well as other issues raised, and find no merit to them. We do not consider Appellee's argument that this Court should adopt the federal courts' "totality of the circumstances" test, as no cross-

motion for discretionary review was filed by     Appellee.   CR 76.21.