RENDERED: JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1409-MR

BRIGHTMORE HOME CARE OF KENTUCKY LLC;
JOHN FALLS; CHAD SHUMWAY; AND
TRAVIS SHUMWAY                                                    APPELLANTS


                    APPEAL FROM FRANKLIN CIRCUIT COURT
v.                  HONORABLE PHILLIP J. SHEPHERD, JUDGE
                    ACTION NO. 18-CI-00100


COMMONWEALTH OF KENTUCKY, CABINET
FOR HEALTH AND FAMILY SERVICES, OFFICE
OF INSPECTOR GENERAL, DIVISION OF
CERTIFICATE OF NEED; COMMONWEALTH
OF KENTUCKY, CABINET FOR HEALTH AND
FAMILY SERVICES, DIVISION OF ADMINISTRATIVE
HEARINGS, HEALTH SERVICES ADMINISTRATIVE
HEARINGS BRANCH; AND PROFESSIONAL CASE
MANAGEMENT OF KENTUCKY, LLC D/B/A
PROFESSIONAL CASE MANAGEMENT                                       APPELLEES


                              OPINION
                    REVERSING AND REMANDING

                         ** ** ** ** **

BEFORE:  GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Brightmore Home Care of Kentucky LLC, John Falls, Chad Shumway, and Travis Shumway appeal from an order of the Franklin Circuit Court which denied a petition for writ of prohibition seeking to prohibit an administrative law judge from the Cabinet for Health and Family Services from issuing subpoenas to out-of-state, nonresident witnesses.  Appellants argue that the Cabinet does not have the authority to issue subpoenas to out-of-state witnesses and compel them to testify in person during an administrative hearing in Kentucky. We believe that the circuit court erred in denying the writ.  We agree with Appellants that the Cabinet does not have the authority to subpoena out-of-state witnesses; therefore, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On January 25, 2017, Brightmore and Professional Case Management of Kentucky, LLC d/b/a Professional Case Management (hereinafter referred to as PCM) filed certificate of need (hereinafter referred to as CON) applications to provide private duty nursing services in some of the same Western Kentucky counties.  The Cabinet scheduled a comparative administrative CON hearing to determine which LLC would be granted the CON.  In anticipation of the hearing, PCM requested that the administrative law judge (hereinafter referred to as ALJ) assigned to the case issue subpoenas to Mr. Falls and Messrs. Shumway.  These

gentlemen are all member/owners of Brightmore. Mr. Falls lives in Wyoming, and Messrs. Shumway live in Utah.

On April 28, 2017, the ALJ issued the subpoenas. On May 1, 2017, Brightmore moved to quash the subpoenas. Brightmore argued that the Cabinet did not possess the legal authority to subpoena these individuals because they lived out-of-state and were outside the jurisdiction of the Cabinet. On May 3, 2017, PCM asked that the Cabinet reissue the subpoenas but serve them on Brightmore's registered agent in Kentucky. Once again, the ALJ approved the subpoenas and issued them upon Brightmore's registered agent in Kentucky.

Brightmore and PCM then briefed the issues raised in the motion to quash. Without formally ruling on the motion, the ALJ notified the parties that it expected Mr. Falls and Messrs. Shumway to comply with the subpoenas and appear at the CON hearing. The ALJ further stated that if these individuals did not appear, she would grant PCM's request for an adverse inference against Brightmore. Brightmore then moved the ALJ to formally rule on the motion to quash. The ALJ eventually summarily denied Brightmore's motion.

On February 1, 2018, Appellants sought declaratory relief, a writ of prohibition, and permanent injunctive relief from the Franklin Circuit Court. Again, Appellants argued that the Cabinet was acting outside the scope of its jurisdiction by attempting to subpoena out-of-state witnesses and require them to

testify at the hearing. Appellants also argued it would be erroneous for the ALJ to apply an adverse inference if Mr. Falls and Messrs. Shumway did not testify. PCM argued that the ALJ was acting within the scope of her authority. The Cabinet also filed a brief in the circuit court and agreed with Appellants that the ALJ was without authority to subpoena out-of-state witnesses or apply an adverse inference against Brightmore.[1]

On September 5, 2019, the circuit court entered an order denying Appellants' petition and affirming the issuance of the subpoenas. The court held that Kentucky's long-arm statute, Kentucky Revised Statutes (KRS) 454.210, authorized the ALJ to issue the subpoenas. The court also held that KRS 454.210 allowed PCM to issue the subpoenas to Brightmore's Kentucky agent. This appeal followed.

## ANALYSIS

Appellant argues on appeal that the Cabinet and ALJ did not have the authority to issue the subpoenas and that the Cabinet was acting outside of its jurisdiction; therefore, the circuit court should have granted the writ of prohibition. We agree.

---

[1] In CON proceedings, the ALJ is the final arbiter of the issue. There is no appeal to or review by a higher administrative authority, like the Secretary of the Cabinet for Health and Family Services. The first appeal goes directly to the circuit court. This explains why the Cabinet filed a brief in the circuit court which agreed with Appellants, but it was unable to stop the subpoenas at the administrative level.

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). Here, the circuit court held that the ALJ was acting within her jurisdiction by issuing the subpoenas because Kentucky's long-arm statute, KRS 454.210, allowed it. The court held that because Mr. Falls and Messrs. Shumway are members of Brightmore and the subpoenas were served upon Brightmore's registered agent in Kentucky, the long-arm statute providing for the service of process upon a registered agent, namely KRS 454.210(3), applies. The circuit court also held that it would not be a great injustice to require Mr. Falls and Messrs. Shumway to appear because they are member/owners of Brightmore. Finally, the circuit court held that Appellants had an adequate remedy by appeal, which would preclude the granting of a writ.

We believe the circuit court was incorrect in its conclusion that the ALJ was acting within her jurisdiction. "It is fundamental that administrative agencies are creatures of statute and must find within the statute warrant for the exercise of any authority which they claim." *Dep't for Nat. Resources and Environmental Protection v. Stearns Coal & Lumber Co.*, 563 S.W.2d 471, 473

(Ky. 1978) (citation omitted).  Here, KRS 454.210 states that a "*court* may exercise personal jurisdiction over a person" who transacts business in the Commonwealth.  KRS 454.210(2)(a) (emphasis added).  Kentucky's long-arm statute only refers to courts and does not mention administrative bodies; therefore, it would seem it does not apply to this case.  "We must interpret statutes as written, without adding any language to the statute[.]" *Commonwealth v. Chestnut*, 250 S.W.3d 655, 661 (Ky. 2008) (citation omitted).  In addition, the wording of KRS 454.210 indicates it only applies to the issuance of a summons to a defendant upon the filing of a complaint.  Nothing in this statute discusses subpoenas or witnesses.  Finally, serving a subpoena on an LLC, or its agent, is not the same as serving a subpoena on a member of that LLC.  LLCs and their members are separate and distinct entities.  *Turner v. Andrew*, 413 S.W.3d 272, 275-76 (Ky. 2013).

Finally, PCM argues the Cabinet has jurisdiction over the witnesses because of their ownership of Brightmore, relying on KRS 275.335(6) and *International Union of Operating Eng'rs v. Bryan*, 255 S.W.2d 471, 474 (Ky. 1953).  However, PCM's argument is misplaced.  As stated above, serving a subpoena on an LLC, or its agent, is not the same as serving a subpoena on a member of that LLC.  LLCs and their members are separate and distinct entities. *Turner*, 413 S.W.3d at 275-76.

To discover the power the Cabinet has in issuing summonses, we must look to KRS 216B.040. KRS 216B.040(3)(b) states, in pertinent part, that the Cabinet may "[a]dminister oaths, issue subpoenas, subpoenas duces tecum, and all necessary process in proceedings brought before or initiated by the cabinet, and the process *shall extend to all parts of the Commonwealth*." (Emphasis added.) Another statute to consider is KRS 216B.085(1), which states that a Cabinet hearing officer or ALJ "shall be authorized to administer oaths, issue subpoenas, subpoenas duces tecum, and all necessary process in the proceedings." Like KRS 216B.040, this statute allows for the issuance of subpoenas, but it does not have any limiting language.

> It is a basic rule of construction that "[w]here there is an apparent conflict between statutes or sections thereof, it is the duty of the court to try to harmonize the interpretation of the law so as to give effect to both sections or statutes if possible." In the same vein, "[i]t is well settled that two or more acts dealing with the same subject matter must be construed in pari materia, and any apparent conflict between them must be reconciled, if possible, so as to give effect to both."

*Galloway v. Fletcher*, 241 S.W.3d 819, 823 (Ky. App. 2007) (citations omitted).

In order to harmonize these two statutes, we must rely on the language found in KRS 216B.040 that limits subpoena power to the borders of the Commonwealth. To do otherwise would require us to hold the limiting language meaningless. This interpretation is supported by case law which states that "[t]he

Commonwealth has no power to subpoena witnesses over which it has no jurisdiction." *Dillingham v. Commonwealth*, 995 S.W.2d 377, 382 (Ky. 1999) (citing *Hey v. Emerson*, 142 Ky. 767, 135 S.W. 294 (1911)). Here, Mr. Falls and Messrs. Shumway are not located within the Commonwealth; therefore, the Cabinet does not have the power to subpoena them.

Since the circuit court erred in holding that the ALJ was acting within her jurisdiction, we must analyze this case to determine whether a writ of prohibition is required due to the ALJ acting outside her jurisdiction. "Relief by way of prohibition or mandamus is an extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief." *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). We believe that this case requires the issuance of the writ of prohibition requested by Appellants.

As previously stated, the Cabinet only has powers as authorized by statute. *Stearns Coal & Lumber Co.*, 563 S.W.2d at 473. As discussed *supra*, there is no mechanism that allows for the Cabinet to subpoena a witness who is not within the borders of the Commonwealth. Furthermore, it is Brightmore's responsibility to prove to the ALJ that it should receive a CON. If Mr. Falls and Messrs. Shumway would be the best witnesses to provide evidence but are not utilized, any negative outcome would be the fault of Brightmore. Forcing them to testify and then applying a negative inference when they do not testify could be

seen as an arbitrary and unreasonable outcome in CON proceedings. In order to obtain a CON, an applicant must meet certain requirements set forth in the Cabinet's State Health Plan, which is incorporated into the Kentucky Administrative Regulations (KAR) pursuant to 900 KAR 5:020. Additional criteria are found in KRS 216B.040(2)(a)2. If Brightmore were to meet all requirements to receive a CON, but were still denied one because of a negative inference, this could be seen as an arbitrary outcome.

Additionally, the Cabinet agrees with Appellants. During the circuit court's hearing on this issue, counsel for the Cabinet indicated that it could not make a good-faith argument that it had subpoena powers over out-of-state individuals based on the wording of the statutes discussed above. Counsel also indicated the Cabinet was concerned about the use of a negative inference when it cannot be reviewed by the Secretary of the Cabinet before a final CON decision is made.

Finally, case law supports our decision. "[I]t would be a most inept ruling to deny the writ, require a trial on the merits, and then on an appeal be forced to reverse the case on the very question which is now before us." *Chamblee v. Rose*, 249 S.W.2d 775, 777 (Ky. 1952). Additionally, "[i]t has been held that the remedy by way of appeal is not the controlling consideration where the inferior court is without jurisdiction." *Id.* As discussed above, the ALJ does not have the

authority to force out-of-state witnesses to come to Kentucky to testify. If Brightmore's CON application were to be denied due to Mr. Falls and Messrs. Shumway not testifying and the ALJ using an adverse inference, it would invite an appeal to the circuit court and be reversed.

**<u>CONCLUSION</u>**

While the issuing of subpoenas may seem like a simple evidentiary issue, it is not. It goes to the jurisdiction of the Cabinet and whether this Court should allow it to exercise powers it does not have. Based on the foregoing, we conclude that the circuit court erred in not granting Appellants' petition for a writ of prohibition.

> Even though a writ of prohibition is an extraordinary remedy, not to be substituted for appeal, we hold that such a remedy is appropriate in a proper case to prevent a lower court [or administrative agency] from exceeding the lawful power or authority with which it is invested or from assuming some power not authorized by law even though the case before it may be one over which the court [or agency] has general jurisdiction. . . . Under such circumstances a proper, though extraordinary, remedy is a writ of prohibition. In these instances, the injustice being restrained is the arrogation of . . . power.

*Corns v. Transportation Cabinet, Dep't of Highways, Commonwealth of Ky.*, 814 S.W.2d 574, 578 (Ky. 1991) (citation omitted). The Cabinet does not have the authority to subpoena out-of-state witnesses; therefore, we must reverse and remand. On remand, the circuit court shall issue the writ requested by Appellants.

-10-

GOODWINE, JUDGE, CONCURS.

K. THOMPSON, JUDGE, CONCURS IN RESULT ONLY AND FILES SEPARATE OPINION.

THOMPSON, K., JUDGE, CONCURRING IN RESULT ONLY: I agree with the majority opinion that Kentucky's long-arm statute does not permit subpoenas to be issued against individual members of an LLC for service through the LLC's registered agent in Kentucky. The subpoenas for the Messrs. Shumway and Mr. Falls which required them to appear to give testimony in Kentucky should have been quashed as Brightmore Home Care of Kentucky, LLC, requested. It would be inappropriate for the Commonwealth of Kentucky, Cabinet for Health and Family Services (Cabinet) to draw an adverse inference based on the absence of witnesses who were not properly compelled failing to appear before it. Therefore, I agree that reversing for the circuit court to grant the writ of prohibition is appropriate.

However, I write separately to express my opinion that the Cabinet could have properly secured the testimony of the witnesses through deposition in their home states. While Kentucky Revised Statutes (KRS) 216B.040(3)(b) does not authorize compelling out-of-state witnesses to appear before the Cabinet in Kentucky, this does not mean that the Cabinet cannot issue subpoenas which could then provide the basis for courts in the witnesses' home states, who have

-11-

jurisdiction over them, to issue their own subpoenas in reliance upon Cabinet subpoenas.

As to the Messrs. Shumway, who live in Utah, this could be done by using the Uniform Interstate Depositions and Discovery Act (UIDDA). Uniform Law Commission, *Interstate Depositions and Discovery Act* (2007), https://www.uniformlaws.org/viewdocument/final-act-2007?CommunityKey=181202a2-172d-46a1-8dcc-cdb495621d35 (last visited Dec. 17, 2020).

The UIDDA allows for domestication of subpoenas so that a witness may be deposed where the witness lives. The UIDDA provides a procedure for out-of-state parties to come into a state and submit a foreign subpoena to the relevant court to issue its own subpoena allowing for depositions and inspection of documents, without having to enter an appearance in court. Our codification of the UIDDA is in KRS 421.360.

Utah has adopted the UIDDA, and it appears in Title 78b of its Judicial Code. Pursuant to the UIDDA, in Utah "[t]o request issuance of a subpoena under [the UIDDA], a party must submit a foreign subpoena to a court in the judicial district in which discovery is sought to be conducted in Utah." Utah Code Ann. § 78B-17-201(1)(a).

The UIDDA definitions of a "foreign subpoena" and "subpoena[,]" which appear in both Utah's Code and the KRS, state that it is a document "issued under authority of a court of record[.]" Utah Code Ann. § 78B-17-102(2), (5); KRS 421.360(2)(b), (e). Under the section three of the UIDDA, which concerns issuance of a subpoena, the comments state, "A 'Court of Record' includes anyone who is authorized to issue a subpoena under the laws of that state, which usually includes an attorney of record for a party in the proceeding." Uniform Law Commission, *Interstate Depositions and Discovery Act*. As the Cabinet was permitted under KRS 216B.040(3)(b) to issue subpoenas, I believe it qualifies as a court of record and subpoenas it issued that were valid in Kentucky could certainly be the basis for obtaining subpoenas in Utah through the UIDDA.

As for Mr. Falls, who lives in Wyoming, a state that has not adopted the UIDDA and is still governed under the 1920 Uniform Foreign Depositions Act (UFDA), the Cabinet would have to proceed under that law:

> Whenever any mandate, writ or commission is issued from any court of record in any foreign jurisdiction, or whenever upon notice or agreement it is required to take the testimony of a witness in this state, the witness may be compelled to appear and testify in the same manner and by the same process as employed for taking testimony in matters pending in the courts of this state.

Wyo. Stat. Ann. § 1-12-115. *See generally* Victoria Bushnell, *How to Take an Out-of-State Deposition*, 14-FEB Utah B.J. 28 (2001) (explaining the different

systems in place for taking out-of-state depositions before the adoption of the UIDDA).

Other possible solutions to obtain needed testimony could include negotiating for the witnesses to consent to give virtual testimony over the internet using a platform such as Facetime, Zoom, Skype, Microsoft Teams or similar options, the old fashioned telephonic testimony, or providing transportation and other reasonable, necessary expenses to facilitate travel for in-person testimony in Kentucky.

While the Cabinet could not compel the witnesses to appear before it, the Cabinet could have properly obtained the needed information through deposition testimony taken from the witnesses in their home states.

Accordingly, I concur.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANTS:

Holly Turner Curry
Frankfort, Kentucky

BRIEF FOR APPELLEE
PROFESSIONAL CASE
MANAGEMENT OF KENTUCKY,
LLC:

Peter L. Thurman
Brent R. Baughman
Kyle W. Miller
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLEE PROFESSIONAL CASE
MANAGEMENT OF KENTUCKY,
LLC:

Brent R. Baughman
Peter L. Thurman
Louisville, Kentucky

NO BRIEF FILED FOR APPELLEE
CABINET FOR HEALTH AND
FAMILY SERVICES.

ORAL ARGUMENT FOR
APPELLEE CABINET FOR
HEALTH AND FAMILY SERVICES
APPELLEES:

Olivia Peterson
Frankfort, Kentucky